## 29300. LONG v. LONG.

HALL, Justice.

This is a child custody case. The parties were divorced in 1971 and the custody of the couple's two minor children was awarded to the mother. In 1974 the father filed this suit for a change in the custody and appeals from a judgment for the mother.

The trial court found "as a matter of fact that the evidence does not show a material change of condition sufficient to order a change of the custody . . . and that the children are happy, healthy, normal children who are adequately cared for by their mother."

Whether there are changed conditions affecting the welfare of a child occurring after the rendition of a former final custody judgment which will warrant the issuance of a new judgment by a habeas corpus court changing custody or visitation rights is essentially a fact question in each individual case which must be decided by the habeas corpus court. And if there is reasonable evidence in the record to support the decision made by the habeas corpus court in changing or in refusing to

change custody or visitation rights, then the decision of that court must prevail as a final judgment, and it will be affirmed on appeal. *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484).

In our opinion, under the evidence here, the trial court did not abuse its discretion.

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only.*

ARGUED OCTOBER 16, 1974 — DECIDED NOVEMBER 18, 1974.

*Marvin P. Nodvin, Ira S. Zuckerman,* for appellant.
*Kaler, Karesh & Frankel, Glenville Haldi,* for appellee.