### 30238. DEARMAN v. RHODEN.

PER CURIAM.

This is the second appeal in a habeas corpus child custody case. On the first appeal the case was remanded to the trial judge with direction that he "exercise his discretion in ruling whether or not there are changed conditions affecting the welfare of the child occurring after the rendition of . . . [a] former final custody judgment" in favor of the mother. See 234 Ga. 229 (214 SE2d 919) (1975). Upon remand, the trial judge found there had been a material change and granted custody to the father.

1. The mother's appeal contests the subject matter

jurisdiction of the trial court and also enumerates other alleged errors in the trial court. Appellant's first contention that the trial court lacked subject matter jurisdiction in this case is without merit. *Padgett v. Penland,* 230 Ga. 824 (199 SE2d 210) (1973) controls this issue adversely to appellant here.

2. The second series of enumerations of error deals with whether certain opinion and other evidence should have been admitted in the trial before the judge, without a jury. On examining the disputed portions of testimony it¹ is apparent that the court did not proceed under any erroneous legal theory in this case. The judge heard this case without a jury and "[u]nless the record before this court clearly indicates that the judge based his decision upon illegal evidence or upon a misapprehension of the law, it will be presumed that upon rendering his decision he considered only legal and admissible evidence." *Tyree v. Jackson,* 226 Ga. 690, 696 (177 SE2d 160) (1970). The enumerations of error concerning the admission or exclusion of evidence are without merit.

3. The next enumerations of error deal with whether or not the trial judge applied the proper standard in changing custody and whether the evidence demanded his findings. The appellant-mother was awarded custody of the minor children by a Florida divorce decree. That award is prima facie evidence of her legal right to custody and is entitled to full faith and credit in Georgia. See *Tyree v. Jackson,* supra. However, contrary to appellant's contentions, in order to change that award of custody the trial court does not necessarily have to find that the legal custodian has forfeited her parental rights under Code Ann. §§ 74-108, 74-109 and 74-110. In order to change custody from one parent to the other, "There must be a showing that the party to whom custody was originally awarded is no longer able or suited to retain custody *or* that the conditions and circumstances surrounding the child have so changed that the welfare of the child would be enhanced by modifying the original judgment." (Emphasis supplied.) *Bowen v. Bowen,* 223 Ga. 800 (158 SE2d 233) (1967).

4. The trial judge, after extensive findings of fact, concluded that there were material changes in

circumstances affecting the welfare of the children so as to justify a redetermination of their custody. "Whether there are changed conditions affecting the welfare of the child occurring after the rendition of a former final custody judgment which will warrant . . . changing custody . . . is essentially a fact question in each individual case . . . And if there is reasonable evidence in the record to support the decision made by the habeas corpus court in changing or refusing to change custody or visitation rights, then the decision of that court must prevail . . ." *Long v. Long,* 233 Ga. 248 (210 SE2d 769) (1974). See also *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974). From the evidence in the transcript, we do not find that the trial court abused its discretion in changing custody of the children.

5. The appellant also enumerates as error the requirement in the trial court's order that appellant post a $5,000 bond prior to the exercise of her summer visitation rights under which she may take the children to her residence in Mississippi. The appellant improperly denominates this bond as a ne exeat bond. The bond does not prevent appellant from leaving the state, but merely assures that appellant will comply with the terms of the court's order and return the children to Georgia at the expiration of the visitation period. See *Durham v. Spence,* 228 Ga. 525, 532 (186 SE2d 723) (1972), and *Good v. Good,* 205 Ga. 112 (52 SE2d 610) (1949). This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who dissent from Division 1 and from the judgment.*

ARGUED SEPTEMBER 4, 1975 — DECIDED OCTOBER 16, 1975—
REHEARING DENIED OCTOBER 28, 1975.

*Grady C. Pittard, Jr.,* for appellant.
*Fortson, Bentley & Griffin, Edwin Fortson,* for appellee.

GUNTER, Justice, dissenting.
This case is a re-run of *Padgett v. Penland,* 230 Ga.

824 (199 SE2d 210) (1973). I dissented there on the ground that the superior court did not have the power to order a change of custody under the facts there presented. The courts in *Padgett* and this case were, in my opinion, without subject-matter jurisdiction to adjudicate legal custody. A person in actual possession of a child cannot bring an application for a writ of habeas corpus against a person not in actual possession of the child, nor can the person in possession of the child bring an action in the nature of habeas corpus against a person not in actual possession of the child.

Since I think that the trial court in this case lacked subject-matter jurisdiction, and was therefore without power to order a change of custody, I would reverse the judgment below.

I respectfully dissent, and I am authorized to state that Justice Ingram joins in this dissent.

HILL, Justice, dissenting.

I dissent from Division 1 of the majority opinion. I am, however, unable to agree with the dissenting opinion that the trial court was without subject matter jurisdiction of this child custody habeas corpus case.

The superior courts have jurisdiction of child custody habeas corpus cases. Code Ann. §§ 50-103, 24-2616 (1, 4). Thus, in my view, the superior courts have subject matter jurisdiction of child custody habeas cases. 18 EGL 623, Jurisdiction, § 7.

In this case the parties were divorced in Florida and custody of the children was awarded to the mother. Later she permitted the husband to have the children temporarily; he brought them to Georgia and refused to return them. When she came here to retrieve the children, she was served with process in this habeas corpus proceeding.

I would hold that where a nonresident of this state, who has legal custody of a child pursuant to a court order, enters this state to retrieve that child from a person who holds that child contrary to such court order, such nonresident is not subject to service of process in a habeas corpus proceeding involving the child. I would do so under

the rule that service of process procured by the wrongful act of the plaintiff, as by fraud, artifice, or trick, is invalid. 92 CJS 785, Venue, § 89.

Certainly we would say that where a person is kidnapped by a plaintiff and transported to plaintiff's choice of forum, service of process perfected thereby would be invalid. A parent having legal custody of a child will come to that child. Such action is as involuntary as the person who is kidnapped. It matters not to me whether the parent or the child be kidnapped; I would hold that service of process under such circumstances is invalid.

I therefore dissent.