### 31835. BISNO v. BISNO.

INGRAM, Justice.

A mother appeals from an order in DeKalb Superior Court changing the custody of two minor children from the mother to the father. Custody had been granted to the mother in an earlier divorce decree which adopted an agreement between the parents for the mother to have custody of the children.

The present change of custody arose out of the mother's decision to move from DeKalb County to Bibb County with the children. The father, a practicing ophthalmologist in Atlanta, contended there was a material change in conditions affecting the welfare of the children after the mother refused his request to let the children remain with him and continue their education at the Hebrew Academy which they had attended as students for two years. The trial court conducted a hearing and ordered a change in the custody of the children to the father.

It is now well established that *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974), and its progeny are the modern focal authorities for judging change of custody awards in Georgia. These authorities recognize that, in applying legal standards in these cases, the trial courts have wide discretion. However, if there is to be any uniformity in the application of standards to be followed in these custody disputes, some guidance must come from this court. Otherwise, similar factual situations may constitute a material change in conditions in one trial court and result in the opposite conclusion in another trial court. Thus, there are limits to the trial court's discretion which cannot be stated with the precision of a mathematical formula but emerge from the adjudicative facts of particular cases. The present case illustrates this

rule.

The only evidence of any change affecting these minor children grows out of their removal as students from the Hebrew Academy in Atlanta and the natural desire of their father for the children to remain with him and for their excellent education at the Academy to continue. This falls short of proving a material change substantially affecting the welfare of the minor children. See, e.g., *Heard v. Vegas,* 233 Ga. 911 (2) (213 SE2d 873) (1975). There is no evidence that the children cannot enjoy a comparative educational opportunity in Bibb County or that their welfare will be adversely affected by moving to Macon with their mother. This is not enough to warrant a new judgment on custody and the trial court's judgment will be reversed.[1]

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 24, 1977 — DECIDED FEBRUARY 7, 1977.

*Margie Pitts Hames, Patricia Anne Moss,* for appellant.

---

[1] Georgia has not adopted the Uniform Marriage and Divorce Act. Nevertheless, a majority of this court has followed it in deciding divorce and alimony issues in "no-fault" divorce cases. Section 408 of the Act provides that, "the custodian may determine the child's upbringing, including his education, health care, and religious training, unless the court after hearing, finds, upon motion by the noncustodial parent, that in the absence of a specific limitation of the custodian's authority, the child's physical health would be endangered or his emotional development significantly impaired." An application of this section of the Uniform Act to the facts of this case supports the conclusion reached in this opinion as no harm to the minor children has been shown to result from the mother-custodian's decision to move the children with her to another county in Georgia.

*Hicks & Scroggins, John H. Hicks,* for appellee.