### 33634. FOSTER v. FOSTER.

HILL, Justice.

Appellant in this case brought a petition for habeas corpus seeking to obtain custody of his two minor children from their mother, the appellee. Custody of the children

was originally awarded to the appellee under the April 12, 1973, divorce decree between the parties. Although it is possible that the evidence would have authorized a change of custody, it did not demand such change as a matter of law. There is reasonable evidence in the record to support the trial court's determination. *Crumbley v. Stewart,* 238 Ga. 169 (231 SE2d 772) (1977).

The finding of the court that it would be detrimental to the welfare of these children to suddenly remove them from their special education classes in mid-year and cause them to change to a new school was a conclusion which the trial court was authorized to draw from the evidentiary facts concerning the special needs of the children. The children in *Bisno v. Bisno,* 238 Ga. 328 (232 SE2d 921) (1977), were not enrolled in learning disability classes.

The fact that the custodial parent works from 3 to 11 p.m. does not render her unfit nor deprive the children of proper parental care. The trial court was authorized by the evidence and did find that the children are adequately supervised.

The children are not yet 14 years old and the trial court is not bound to accept the older child's wishes, nor the opinions of experts.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1978 — DECIDED JUNE 28, 1978.

*Martin L. Cowen, III,* for appellant.
*R. Hopkins Kidd,* for appellee.