A94A2065. In the Interest of S. D. J., a child.
(452 SE2d 155)

Andrews, Judge.

At the time of their divorce in 1989, Daniel Rayford Joyce and Laura Joyce Woodall incorporated a joint custody agreement into the divorce decree by which they agreed to share joint legal and physical custody of their child. Pursuant to a change of custody petition filed by the mother, the trial court conducted a hearing and entered an order changing primary physical custody of the child to the mother. We granted the father's application for an appeal from the order changing custody.

"Once a permanent child custody award has been entered, the test for use by the trial court in change of custody suits is whether there has been a 'change of conditions affecting the welfare of the child.'" *Gazaway v. Brackett*, 241 Ga. 127, 128 (244 SE2d 238) (1978); *Arp v. Hammonds*, 200 Ga. App. 715, 716 (409 SE2d 275) (1991). Since potential change of custody is always considered in light of the best interests of the child, an order changing custody may be based on evidence of a positive or adverse change in the circumstances of either of the joint custodial parents, or any change in the circumstances of the child substantially affecting the welfare and best interests of the child. *Robinson v. Ashmore*, 232 Ga. 498, 501-502 (207 SE2d 484) (1974).

In its order changing custody, the trial court found that "there has been a material change of conditions since the time of the [divorce decree implementing the joint custody agreement] in that the child is being transferred back and forth between the two parent's homes, under circumstances which cause the child confusion and distress with the frequency of changing homes."[1] The trial court concluded that, under the circumstances, it would be in the best interest of the child for the parents to continue as joint legal custodians but that primary physical custody should be changed so that the child resides with the mother instead of constantly traveling back and forth to reside with the mother and father.

The evidence showed that the child was two-and-one-half years

---

[1] Although the mother sought a change in custody on the basis of an alleged adverse change in the circumstances of the father, this was not the basis upon which the trial court decided to change custody. It is clear, however, that the basis upon which the trial court decided the case was presented to the court and tried by the consent of the parties. OCGA § 9-11-15 (b).

of age when the joint custody agreement took effect and the child began to reside with each parent for a portion of each week. Under this arrangement, the child was shuttled back and forth between the parents and never resided in one place for more than a few days in succession. When the mother brought the present petition, the child was six years old and had entered the first grade and had begun to participate in activities such as the Cub Scouts. There was evidence that, since the child had reached school age, the constant moving of the child from one residence to the other under the terms of the joint custody agreement had resulted in a hectic, burdensome schedule for the child with respect to his school schedule and other activities. For example, the mother and father lived in different school districts and the child attended a school in the father's district. On some school mornings the joint custody agreement required the father to relinquish physical custody of the child to the mother prior to school. To accomplish this, the father would get the child up early and drive him to the mother's residence, where the mother would then get the child ready for school and drive him back to the school near the father's house. There was evidence that the child had begun to suffer from sleep disturbances. Other evidence showed that the joint custody schedule had adversely affected arrangements for the child's medical care in some instances. In addition to evidence that the joint custody agreement had become complicated and unwieldy as the child grew older, there was also evidence that the situation was exacerbated by a recent breakdown in communications between the mother and father.

"Where a change of custody has been awarded because of a material change of conditions affecting the welfare of the child, this court will affirm if there is reasonable evidence to support the decision." *Blackburn v. Blackburn*, 168 Ga. App. 66, 71 (308 SE2d 193) (1983). In making a determination to change custody under this standard, the trial court is vested with a wide discretion which this court will not control absent abuse. *Hayes v. Hayes*, 199 Ga. App. 132, 133 (404 SE2d 276) (1991); *Dixon v. Dixon*, 183 Ga. App. 756, 757 (360 SE2d 8) (1987).

Applying this standard, we find there was reasonable evidence showing that, since the joint custody agreement was entered into in 1989, there has been an adverse change in conditions affecting the welfare of the child. The evidence was sufficient under this test even in the absence of evidence establishing that the adverse conditions *affecting* the child had a measurable adverse *effect* on the child. There is no requirement that a demonstrated adverse condition must have had a measurable adverse effect on a child before a court can exercise its discretion to change custody. It is possible that, despite enduring an obvious adverse change in conditions, a child will not experience an adverse result, or may experience an adverse result but

not manifest it, or may manifest an adverse result without proof that it was caused by the changed conditions. In such cases, the trial court is not required to leave the child in the midst of continuing adverse conditions, but may exercise its discretion to change custody where there is reasonable evidence that a change in conditions is *affecting* the welfare of the child, by having an adverse influence on the child, even if there is no proof that the adverse conditions have caused an adverse result or *effect*. See *Gazaway*, supra at 128; *Robinson*, supra at 502.

The trial court did not abuse its discretion by changing primary physical custody of the child to the mother in this case.

*Judgment affirmed. Pope, C. J., Beasley, P. J., Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., Birdsong, P. J., and Johnson, J., dissent.*

JOHNSON, Judge, dissenting.

I disagree with the majority's conclusion that there was a material change of condition which was shown to have had a material effect on the child's well being in this case.

At the time of their divorce in 1989, Daniel Rayford Joyce and Laura Joyce Woodall agreed to share joint legal and physical custody of their two and one half year old son. That the child would ultimately reach school age was certainly known to the parties at the time the original custody agreement was made. The parties abided by the complex terms of the settlement, mutually agreeing as necessary to deviations such as providing transportation to school, for almost five years. The juvenile court entered an order finding "[A] material change of conditions since the time of the divorce decree in that the child is being transferred back and forth between the two parent's homes, under circumstances which cause the child confusion and distress with the frequency of changing homes." I believe that the trial court abused its discretion in finding that the shuttling of the child back and forth between the parents' homes, however, represents a material change in condition. This was precisely the arrangement contemplated by the parties at the time of the divorce and had been the practice for most of the child's life. I fail to see how the continuation of an on-going practice constitutes a material change in condition. See *Arp v. Hammonds*, 200 Ga. App. 715, 718 (409 SE2d 275) (1991).

Further, the record indicates that the child continued to excel in school, and there is no evidence, other than occasional sleep disturbances, which may or may not have been related to this issue, suggesting that the practice was causing the child "confusion and distress." "[A] showing of changed conditions of [a parent], without a showing of its material effect on the child, is insufficient to warrant a change in custody." *Robinson v. Ashmore*, 232 Ga. 498, 502 (III) (207

SE2d 484) (1974). It would have been better had the parties agreed to retain joint custody, and modify the physical custody provisions of the agreement. But I do not see evidence of a material change in circumstances in the father's home which adversely affected the child's welfare so as to deprive him of joint custody of his son.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Birdsong join in this dissent.

DECIDED NOVEMBER 30, 1994 — 
RECONSIDERATION DENIED DECEMBER 19, 1994 — 

*J. Russell Phillips,* for appellant.
*Lynn F. Haywood,* for appellee.