## A95A0366. ORMANDY v. ODOM.
### (459 SE2d 439)

JOHNSON, Judge.

When the Ormandys divorced in 1989, the court awarded permanent custody of their two children to the father. In 1994, after learning that the father's employer was transferring him to Illinois, the mother filed a petition for change of custody claiming there were material changes of conditions affecting the welfare of the children. The trial court granted her petition and we granted the father's application for discretionary appeal.

1. In two enumerations of error, the father contends the trial court erred in finding a material change of condition impacting the welfare of the children and warranting a change of custody. The court based its decision on its findings that the children were closer emotionally to their mother, that the mother's financial, social and emotional situation improved substantially since the divorce, and that the mother and the paternal grandparents, all residents of Wayne County, were the children's primary source of nurture and security. The court concluded that moving the children to Illinois would cause them substantial distress and emotional trauma.

"In a contest between the parents, the award of custody by a di-

vorce court vests the custodial parent with a *prima facie* right. *Hill v. Rivers*, 200 Ga. 354 (37 SE2d 386) (1946). Ordinarily, the trial court should favor the parent having such a right. *Triplett v. Elder*, 234 Ga. 243 (215 SE2d 247) (1975). . . . What the court must affirmatively find is either that the original custodian is no longer able or suited to retain custody or that conditions surrounding the child have so changed that modification of the original judgment would have the effect of promoting his welfare. *Bell v. Bell*, 154 Ga. App. 290 (267 SE2d 894) (1980). It is a change for the worse in the conditions of the child's present home environment rather than any purported change for the better in the environment of the non-custodial parent that the law contemplates under this theory. *Dearman v. Rhoden*, [235 Ga. 457 (219 SE2d 704) (1975)]; *Bowen v. Bowen*, 223 Ga. 800 (158 SE2d 233) (1967)." (Emphasis in original.) *In re M. M. A.*, 166 Ga. App. 620, 625 (2) (305 SE2d 139) (1983). Although trial courts have wide discretion in change of custody proceedings, there are limits to that discretion. *Bisno v. Bisno*, 238 Ga. 328 (232 SE2d 921) (1977). We find that the trial court abused its discretion in this case and reverse.

The record in this case is completely devoid of evidence that the father is no longer able or suited to retain custody of the children. In fact, the court states in its order that the father is "responsible and caring" and that there is "no significant failure or culpability on his part in so far as the care of the children are concerned, [but that] there is a closer identity with the mother on an intimate, emotional level." Nor is there any evidence that conditions surrounding the children have so changed that modifying the custody award would promote the children's welfare. The only change in the conditions surrounding the children is that the father remarried in 1993 and moved out of state. Relocating and remarrying are not in and of themselves sufficient changes in conditions to authorize a change in custody. See *Bisno*, supra at 329; *Stout v. Pate*, 209 Ga. 786, 787 (1) (75 SE2d 748) (1953); compare *Fortson v. Fortson*, 152 Ga. App. 326, 327-328 (4) (262 SE2d 599) (1979).

Furthermore, there is no evidence in the record that the change is for the worse. The trial court states in its order that the children are closer emotionally to their mother, that she and the paternal grandparents are the primary source of nurture and security for the children and that removing the children from Wayne County has caused the children anxiety. Apart from testimony that the children spent half or more of their time with the grandparents before the father remarried, these conclusions have no support in the record. The information may have been gleaned from the court's private interviews with the children. While the trial court was certainly authorized to interview the children, the interviews were not transcribed and any statements made therein cannot serve as a basis for upholding the

trial court's decision. *Kohler v. Kromer*, 234 Ga. 117, 118-119 (214 SE2d 551) (1975).

The trial court also erroneously considered an improvement in the mother's situation in deciding to change custody. As stated above, the court should have focused its analysis on a worsening of conditions in the child's present home environment rather than any purported change for the better in the non-custodial parent's home environment. *In re M. M. A.*, supra at 625 (2). The record in no way supports a finding that the environment in the father's home has worsened.

While the evidence does not support a change in custody from the father to the mother, relocation of the children necessitates a modification of the mother's visitation rights. On remand, the trial court is directed to hear testimony concerning this issue and to enter an order modifying visitation.

2. In light of the foregoing, we do not reach the father's remaining enumerations of error.

*Judgment reversed and case remanded with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED JUNE 23, 1995 —
RECONSIDERATION DENIED JULY 11, 1995.
Child custody. Wayne Superior Court. Before Judge Tuten.
*Leaphart & Johnson, J. Alvin Leaphart*, for appellant.
*Robert B. Smith*, for appellee.