A98A0812. DANIEL v. DANIEL.
(509 SE2d 117)

RUFFIN, Judge.

Sharon and Russell Daniel were divorced in August 1992, with Sharon receiving primary physical custody of their minor child. On September 11, 1995, Russell filed a petition for change of custody. A temporary hearing was held on April 19, 1996, following which the trial court entered a temporary order allowing Sharon to retain primary physical custody. After a bench trial on February 6, 1997, the trial court entered a final judgment awarding Russell sole physical and legal custody of the child. Sharon appeals, asserting numerous errors. Because these asserted errors are without merit, we affirm.

1. In several enumerations, Sharon Daniel argues that the evidence did not support the trial court's change of custody. We do not agree.

A parent who has been awarded custody pursuant to a divorce decree has a prima facie right to retain such custody, and a trial court in a modification action should ordinarily favor such parent. *Ormandy v. Odom*, 217 Ga. App. 780, 781 (1) (459 SE2d 439) (1995); see also *Triplett v. Elder*, 234 Ga. 243 (215 SE2d 247) (1975). In order to change custody, the trial court "must affirmatively find . . . either that the original custodian is no longer able or suited to retain custody or that conditions surrounding the child have so changed that modification of the original judgment would have the effect of promoting his welfare. It is a change for the worse in the conditions of the child's present home environment rather than any purported

---

[11] *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994) (no challenge to effectiveness at trial level at all).

change for the better in the environment of the non-custodial parent that the law contemplates under this theory." (Citations and punctuation omitted.) *Ormandy*, supra at 781 (1). "Whether there are changed conditions affecting the welfare of the child occurring after the rendition of a former final custody judgment which will warrant changing custody is essentially a fact question in each individual case. And if there is reasonable evidence in the record to support the decision made by the . . . court in changing or in refusing to change custody or visitation rights, then the decision of that court must prevail." (Punctuation omitted.) *Dearman v. Rhoden*, 235 Ga. 457, 459 (4) (219 SE2d 704) (1975); see also *Crumbley v. Stewart*, 238 Ga. 169-170 (231 SE2d 772) (1977). But see *Bisno v. Bisno*, 238 Ga. 328 (232 SE2d 921) (1977) (noting that there are limits to trial court's discretion).

In this case, there was reasonable evidence supporting the trial court's decision to transfer custody to the father. When the Daniels were divorced in August 1992, Sharon was a smoker. In November 1993, the child was diagnosed with asthma. At that time, Sharon and the child were living in an apartment with Sharon's boyfriend, who also smoked. After the child was diagnosed with asthma, Sharon continued to smoke in front of the child until January 1994, when she broke up with her boyfriend and moved into a new apartment. After she and the child moved into the new apartment, Sharon continued to smoke approximately ten cigarettes per day, although she testified that she smoked only in the bathroom or outside. She claimed that she stopped smoking altogether in November 1996, about three months before trial. However, she later admitted that she had "broken down" on occasion and smoked since then. The trial judge expressly stated that she did not believe Sharon's testimony that she had stopped smoking. The child's medical records showed that she had made several trips to the doctor for asthma or other respiratory-related matters in the approximately three years before trial.

The fact that the child was diagnosed with asthma after the divorce clearly constitutes a change in circumstances making the mother's smoking a factor relevant to the child's welfare. Neither party contests the fact that smoking can be an irritant to an individual with asthma. Although there was no direct medical testimony that the mother's smoking aggravated the child's condition, there was evidence that the child had to go to the doctor on several occasions because of her asthma or other respiratory problems. While the mother claimed she smoked only in the bathroom, the trial court could reasonably conclude that smoking up to ten cigarettes a day in the bathroom of a confined apartment is likely to cause irritation to the child. Moreover, the fact that the mother continued to smoke inside the apartment for almost three years after the child was diag-

nosed suggests that she was not adequately concerned about the child's health. Indeed, the trial court noted that, at the temporary hearing almost a year earlier, it had advised the mother to quit smoking for the child's health, but that the mother had disregarded this advice. Furthermore, there was evidence that for a long period of time the mother did not know the name of the child's doctor and had not spoken with him about the child's asthma.

It is not our function to second-guess the trial court in cases such as this, which turn largely on questions of credibility and judgments as to the welfare of the child. The trial court is in the best position to make determinations on these issues, and we will not overrule its judgment if there is reasonable evidence to support it. See *Dearman*, supra. Because there was reasonable evidence to support the trial court's ruling, we cannot say that it abused its discretion in transferring custody to the father. The fact that the guardian ad litem recommended against a transfer of custody does not change this result, since there was evidence to support the trial court's judgment.

2. Sharon Daniel contends the trial court erred in considering plaintiff's Exhibits 2, 8, and 9, the child's medical records, because, although these records were tendered into evidence, the trial court never expressly admitted them. This contention is without merit. When the medical records were tendered into evidence, the judge asked if Sharon's attorney had any objections. The attorney responded that she wanted to look at the documents first, but never raised any subsequent objection to the documents.[1] In her colloquy with counsel during closing arguments and while giving her oral ruling, the judge referred to the medical records, clearly indicating that she considered the records admitted into evidence. At no time did Sharon's attorney indicate that the trial court's consideration of the records was improper because they had not been formally admitted. Thus, it is apparent that all parties understood the records had been admitted without objection, and the trial court did not err in considering them.

3. Sharon Daniel contends the trial court erred in considering evidence that she kept pets in her apartment as an adverse change in material circumstances, because this issue had not been raised in the pleadings or at the pre-trial conference. However, Sharon does not point to any place in the record where she objected to the trial court's consideration of such evidence. See *Jones v. State*, 232 Ga. App. 505 (502 SE2d 345) (1998) (failure to object when evidence is offered con-

---

[1] Prior to this exchange, the judge had admitted certain medical records without objection. Although it is not clear from the transcript, Sharon contends that this ruling referred only to plaintiff's Exhibit 7, which appears to consist of medical records from Georgetown Pediatrics. These records are also included in Exhibit 8.

stitutes waiver of objection). Moreover, the trial judge's findings of fact indicate that the presence of animals was not a factor affecting her decision to transfer custody to the father. See *Chester v. State*, 162 Ga. App. 10, 11 (3) (290 SE2d 117) (1982) ("Harm as well as error must be shown before reversal is appropriate"). Accordingly, this enumeration is without merit.

4. Sharon Daniel contends the trial court erred in considering "evidence" purportedly given at the April 19, 1996 preliminary hearing, arguing that no evidence was in fact presented at that hearing. However, the order entered after the hearing indicates that the court heard from both parties, and no transcript of the hearing is included in the record on appeal. Because there is no transcript to support Sharon's factual contentions regarding the hearing, this enumeration presents nothing for this Court to review. See *Burnette v. McCarter*, 211 Ga. App. 781, 783 (3) (440 SE2d 488) (1994) (appeal with enumerations of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, result in affirmance).

5. Sharon Daniel argues that the trial court erred by not ruling on her counterclaim to hold Russell Daniel in contempt for failing to pay child support required by the original divorce decree. However, the transcript reflects that at the beginning of the hearing, Sharon's attorney asked the trial court to "focus on two questions: one, has there been such a negative change of circumstances such that the present home environment of the child warrants a change of custody. And number two, A, should Russell pay child support and, B, how much." The entire trial was concerned with the issue of custody, and Sharon did not seek a ruling on her counterclaim. Indeed, after announcing its ruling on the custody issue, the trial court specifically asked counsel, "Is there anything further?" and Sharon's attorney did not request a ruling on the counterclaim. Accordingly, the trial court did not err in failing to rule on the counterclaim. See *Purcell v. Joyner*, 231 Ga. 85, 86 (1) (200 SE2d 363) (1973) (counterclaim abandoned by failure to prosecute during trial).

*Judgment affirmed. Pope, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED NOVEMBER 10, 1998.

*Shelby A. Outlaw*, for appellant.
*Arline S. Kerman*, for appellee.