A99A1384. OFCHUS v. ISOM.
(521 SE2d 871)
McMURRAY, Presiding Judge.

Appellant-defendant Sonya Deneen Ofchus, formerly Sonya D. Isom, and appellee-plaintiff Orlando Isom divorced in 1996. The superior court which granted the divorce approved the Isoms' settlement agreement and incorporated it in the final judgment and decree. The settlement agreement gave the parties joint custody of their minor daughter "as contemplated by OCGA § 19-9-6 (2)," and gave primary physical custody of the child to her mother, Sonya Ofchus.

In 1998, following a bench trial, the superior court issued an order modifying custody by shifting primary physical custody of the child to Orlando Isom. We granted this discretionary appeal to review this order.

In the modification order, the superior court gave the following reason for giving primary physical custody of the parties' daughter to Orlando Isom:

> [Sonya Ofchus] moved to the State of Virginia in May 1998. [She] took the minor child of the parties . . . to Virginia with her in June 1998. [Her] relocation was over 500 miles from [Orlando Isom's] residence, the former marital residence. [Her] move to Virginia was solely for the advancement of her current husband's career. Said move effectively terminated any reasonable expectation of visitation of [Orlando Isom]. The Court finds said move is a change in circumstances materially and detrimentally affecting the welfare of the minor child.

In a subsequent order, the superior court amended its order modifying custody by finding the following additional facts:

"(1) the child has lived in the Atlanta, Georgia area all of her life until June, 1998, and (2) the child's half brother, maternal grandparents, paternal grandfather, aunts, uncles and cousins live in the Atlanta area, and no similar relatives live in Virginia."

*Held*:

1. Sonya Ofchus contends that the superior court erred in changing the original custody decree to make Orlando Isom the primary physical custodian of the child, arguing the only change in circumstances was Sonya Ofchus's relocation from Georgia to Virginia and this does not amount to any finding of fact that Sonya Ofchus was unfit to continue as the primary custodial parent. We agree and reverse.

Georgia law does not permit a modification of custody based solely on a custodial parent's relocation to another state. *Moore v. Wiggins*, 230 Ga. 51, 53 (1), 55 (195 SE2d 404); *Grubbs v. Dowse*, 226 Ga. 763 (177 SE2d 237); *Hirsh v. Dobb*, 224 Ga. 130, 134 (3) (b) (160 SE2d 386); *Mercer v. Foster*, 210 Ga. 546, 548 (3) (81 SE2d 458); *In the Interest of R. R.*, 222 Ga. App. 301, 305 (3) (474 SE2d 12); *Ormandy v. Odom*, 217 Ga. App. 780 (459 SE2d 439).

"In a contest between the parents, the award of custody by a divorce court vests the custodial parent with a prima facie right. (Cit.) Ordinarily, the trial court should favor the parent having such a right. (Cit.) What the court must affirmatively find is either that the original custodian is no longer able or suited to retain custody or that conditions surrounding the child have so changed that modification of the original judgment would have the effect of promoting [its] welfare. (Cit.) It is a change for the worse in the conditions of the child's present home environment rather than any purported change for the better in the environment of the non-custodial parent that the law contemplates under this theory. (Cits.) Although trial courts have wide discretion in change of custody proceedings, there are limits to that discretion. [Cit.]" (Punctuation omitted.) *Ormandy v. Odom*, [supra at] 781 (1).

*Tenney v. Tenney*, 235 Ga. App. 128, 129 (1) (508 SE2d 487).

In the case sub judice, the superior court was required to give deference to Sonya Ofchus's prima facie right to be the primary custodial parent under the terms of the original custody decree. There is no evidence in the record that Sonya Ofchus is unable or unsuited to retain custody of the parties' child. Neither is there evidence of

changed conditions for the worse in the child's present home environment with Sonya Ofchus. No evidence shows that making Orlando Isom the primary physical custodian would promote the child's welfare. The superior court abused its broad discretion in the instant case.

While the evidence does not support a change in custody from the mother to the father, relocation of the child may warrant modification of the father's visitation rights. *Ormandy v. Odom*, supra at 782. On remand, the superior court is directed to hear testimony concerning this issue and to enter an order modifying visitation, as appropriate.

2. In light of the foregoing, we do not reach Sonya Ofchus's remaining enumerations of error.

*Judgment reversed and case remanded with direction. Ruffin, J., concurs. Andrews, P. J., concurs in the judgment only.*

DECIDED AUGUST 30, 1999.

*Turner, Turner & Turner, Nelson G. Turner*, for appellant.
*Darrel L. Hopson*, for appellee.