## A01A1625. LEWIS v. LEWIS.
(557 SE2d 40)

POPE, Presiding Judge.

Lori Jean Lewis appeals from the trial court's order granting Stuart Lewis's petition to modify custody. We affirm.

When the parties were divorced in December 1999, the trial court entered a consent final judgment and decree of divorce. Under the terms of that decree, Lori and Stuart Lewis were granted joint legal custody, care and control of their three children. The decree also provided for shared physical custody of the children. The children resided with their mother during the school year, while the father had the children every other weekend from Thursday at 3:00 p.m. until the following Sunday at 6:30 p.m. In addition, the decree provided that the father kept the children every Thursday evening from 3:00 p.m. until school started the next day. During the summer months, the children resided with their father, while the mother kept them every other weekend from Wednesday at 3:00 p.m. until the fol-

---

[12] *Eubanks v. State*, 240 Ga. 544, 547 (2) (242 SE2d 41) (1978).

lowing Sunday at 8:00 p.m. Custody during holidays and vacation periods was split evenly between the parents.

To ensure stability for the children during the transition period following the divorce, the mother agreed that she would not change her residence from Carroll County for approximately one and one-half years, until July 1, 2001.

After Stuart Lewis learned that Lori Lewis planned to remarry in June 2001 and move to Cobb County, he filed a petition to modify custody, asking that the children reside with him during the school year and with Lori Lewis on alternate weekends. He proposed that the arrangement be reversed during the summer months. The mother cross-petitioned seeking to change the custody arrangements herself, asking that the father's weekend custody during the school year be changed to every other weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m.

Following an evidentiary hearing, the trial court awarded primary physical custody to Stuart Lewis.

1. Lori Lewis contends that the trial court erred in finding that neither parent had been awarded primary physical custody of the children in the original divorce decree. She asserts that this finding was crucial because under Georgia law a parent granted primary physical custody is entitled to deference in later modification proceedings.

"A parent who has been awarded custody pursuant to a divorce decree has a prima facie right to retain such custody, and a trial court in a modification action should ordinarily favor such parent." *Daniel v. Daniel*, 235 Ga. App. 184 (1) (509 SE2d 117) (1998). In this case, however, the parents were awarded joint physical custody. The decree provides: "The parties shall share physical custody of the children as hereinafter described. Both parties shall have liberal periods of physical custody and shall have the right to have them at all reasonable times and places mutually agreed upon by the parties. . . ." There was no determination that either parent should be the primary custodian. Under these circumstances, we find that each parent has a prima facie right to custody and thus neither parent is entitled to be favored over the other.

Nevertheless, Lori Lewis asserts that she should have been considered the primary physical custodian and her rights entitled to deference. She cites the fact that the children resided mostly with her during the school year. But Stuart Lewis also had substantial custody rights during the school year — every other weekend beginning Thursday afternoon, and every Thursday afternoon through Friday morning. When the parties' relative custody periods are compared, Lori Lewis had custody roughly 60 percent of the time, while Stuart Lewis had custody approximately 40 percent of the time. We do not

find that Lori Lewis's share of custody was so substantial as to entitle to her to special deference.

She also notes that Stuart Lewis was required to pay her $600 per month in child support. While this award may reflect the relative financial interests between the parents, it does not compel the conclusion, in the absence of any other supporting evidence, that Lori Lewis was intended to be the primary custodian.[1]

2. Lori Lewis next asserts that the trial court improperly based its decision to modify custody on her proposed move to Cobb County.

Since a permanent child custody order had previously been entered in this case, the trial court was required to find that there was a change of conditions affecting the welfare of the children. *Arp v. Hammonds,* 200 Ga. App. 715, 716 (409 SE2d 275) (1991). And where the parents have joint physical custody, a decision to change custody must be based "on evidence of a positive or adverse change in the circumstances of either . . . parent, *or* any change in the circumstances . . . substantially affecting the welfare and best interests of the child." (Citation omitted; emphasis supplied.) *In the Interest of S. D. J.,* 215 Ga. App. 779 (452 SE2d 155) (1994).

While Georgia courts have found that a move is not necessarily, in and of itself, a sufficient change in condition to authorize a change in custody, we have addressed this issue only in cases where one parent was designated as the sole or primary physical custodian. See, e.g., *Mahan v. McRae,* 241 Ga. App. 109, 112-113 (522 SE2d 772) (1999); *Ofchus v. Isom,* 239 Ga. App. 738, 739 (1) (521 SE2d 871) (1999); *Tenney v. Tenney,* 235 Ga. App. 128, 129 (1) (508 SE2d 487) (1998). In those cases, we held that the move alone was not sufficient to justify removing custody from the custodial parent, even where it severely impacted the noncustodial parent's visitation rights.

We have found no cases, however, addressing the issue of a proposed move in the context of joint physical custody. In such a case, it is not merely visitation rights that are at stake, but rather each parent's own prima facie right to custody.

It is apparent that Lori Lewis's proposed move would impact the parties' shared custody arrangement. During the school year, the children spend each Thursday evening and alternate weekends, beginning Thursday evening, with their father. The mother's proposed 72-mile move affected the practicality of this arrangement. The children would be attending a new school district, and it would be impractical, at the very least, for them to make a 144-mile round trip to stay with their father on a school night. Both parents clearly

---

[1] *Bradley v. Bradley,* 270 Ga. 488 (512 SE2d 248) (1999), upon which Lori Lewis relies, is inapposite as it addressed the issue of whether a court can order that a noncustodial parent may take a federal tax exemption for a child.

recognized these difficulties as they each petitioned the court to modify the original arrangement.

We have previously found that difficulty in maintaining a shared custody arrangement can amount to an adverse change in condition affecting the welfare of a child. *In the Interest of S. D. J.*, 215 Ga. App. at 780-781. In that case, the child resided with each parent for a portion of each week, and the parents resided in different school districts. As the child grew and started school and other outside activities, the shared schedule became hectic and burdensome. There was evidence that the child's sleep and medical care suffered as a result. We found that this evidence was sufficient to support a modification of custody "even in the absence of evidence establishing that the adverse conditions *affecting* the child had a measurable adverse *effect* on the child." (Emphasis in original.) Id. at 780.

Accordingly, we find that the trial court properly considered the impact of the proposed move on the existing custody arrangement in this case, especially where both parents agreed that the custody schedule had to be modified in light of the move. If custody were unaltered, the children's school and activity schedules would become impractical and onerous, as the children were shuttled between their parents' homes. Thus, the trial court was entitled to find that continuation of the original custody arrangement would adversely impact the children's welfare and that the changed circumstances were sufficient to justify a modification of custody.

Moreover, where both parties were fit and loving parents and neither was entitled to deference on the issue of custody, the trial court was required to consider only the best interests of the children in crafting a new custody arrangement.[2] OCGA §§ 19-9-1 (a) (2); 19-9-3 (a) (2). See also *In the Interest of S. D. J.*, 215 Ga. App. at 779 ("potential change of custody is always considered in light of the best interests of the child").

At the hearing on the petition, the trial court heard testimony from friends, a family counselor and the parents themselves. The evidence showed that the children had strong ties to their school, church and friends in Carroll County. The evidence further showed that the father maintained almost daily contact with the children before and after school in addition to his scheduled custody periods. The father, the family counselor and other witnesses testified that the two older children expressed a strong preference for staying in Carroll County

---

[2] We note that in some jurisdictions the trial court applies a "best interest" of the child test to determine whether change of custody is appropriate where the parents have shared physical custody, without requiring a substantial change in conditions. See, e.g., *Ex parte Couch*, 521 S2d 987, 989 (Ala. 1988); *In re Marriage of Williams*, 88 Cal. App.4th 808, 812 (105 Cal. Rptr.2d 923) (2001).

with their father, as well as apprehension about the possibility of moving to Cobb County. The mother did not dispute this testimony, although she felt that the children would adjust to their new surroundings and would develop new ties in their new home where they had extended family nearby. The judge also held an in camera meeting with the couple's 11-year-old son with counsel for both parents present. That meeting was not transcribed. We note that the trial court was entitled to consider the boy's preference in the matter, although his preference cannot constitute a material change of circumstances standing alone. OCGA § 19-9-1 (a) (3) (B), (C).

Accordingly, based upon our review of the record, we cannot say that the trial court abused its discretion in awarding primary physical custody to Stuart Lewis. "It is not our function to second-guess the trial court in cases such as this, which turn largely on questions of credibility and judgments as to the welfare of the child. The trial court is in the best position to make determinations on these issues, and we will not overrule its judgment if there is any reasonable evidence to support it." *Green v. Krebs*, 245 Ga. App. 756, 759 (1) (538 SE2d 832) (2000).

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED NOVEMBER 20, 2001.

*Hartley, Rowe & Fowler, Joseph H. Fowler*, for appellant.
*T. Michael Flinn*, for appellee.

