A02A1380. BODNE v. BODNE.
(572 SE2d 95)

MILLER, Judge.

David Jerome Bodne appeals from the trial court's order granting his ex-wife's claim to become the primary physical custodian of their two minor children after he moved to Alabama. On appeal he contends that the trial court erred by awarding primary custody to his ex-wife, because, as the primary physical custodian of the children at the time of the divorce, Bodne had a prima facie right to retain custody of the children despite moving out of state with them. Since the final divorce decree and signed agreement between the parties clearly designated Bodne as the primary physical custodian of the children, we agree with him and reverse.

The record reveals that the parties were divorced in December 1999 and agreed to an arrangement of joint legal custody of their two children, with the father being designated as the children's primary physical custodian: "The parties shall have joint legal custody with Husband having primary physical custody of the aforesaid minor children. . . . The parties agree to share the children an equal amount of time, including the holidays. The parties anticipate rotating the children between the parties every two weeks." The agreement also provided that Bodne would be responsible for maintaining the children's medical and dental insurance and paying all expenses for the children's clothing and extracurricular activities.

Bodne remarried and in March 2001 informed his ex-wife that he planned to move with the children to Alabama. Bodne then filed a petition to modify his ex-wife's visitation schedule to accommodate the upcoming move. Bodne's ex-wife filed a counterclaim, seeking primary physical custody of the children. She argued that Bodne's move constituted a substantial change in a material condition sufficient to warrant a change in custody. Bodne moved to Alabama with his new wife and the two children in June 2001.

At the hearing on Bodne's motion to modify visitation, Bodne presented testimony that the children were doing well in school and

were adjusting very well to their new home. Bodne's ex-wife presented evidence that she had sought treatment for, and overcome, her substance abuse problem and was happily remarried to a supportive husband, and that she shared a special bond with her children. No testimony was presented, however, that the children's move with the father had any adverse effect on the children.

The court found that both parents were fully capable of caring for the children and held that "there [had] been a substantial change in a material condition sufficient to justify a modification of custody." The court reasoned that in light of the parties' prior agreement to share time with the children on a nearly 50-50 basis, Bodne's decision "to move out of state . . . render[ed] this important aspect of the parties' agreement impossible to implement." The court then changed the prior custody arrangement between Bodne and his ex-wife by designating Bodne's ex-wife as the new primary physical custodian of the children. Bodne appeals from this order.

Bodne contends that the trial court erred by changing primary physical custody from Bodne to his ex-wife in the absence of any reasonable evidence of a substantial change in a material condition affecting the welfare of the children. We agree.

> In a contest between the parents, the award of custody by a divorce court vests the custodial parent with a prima facie right. Ordinarily, the trial court should favor the parent having such a right. What the court must affirmatively find is either that the original custodian is no longer able or suited to retain custody or that conditions surrounding the child have so changed that modification of the original judgment would have the effect of promoting his welfare. It is a change for the worse in the conditions of the child's present home environment rather than any purported change for the better in the environment of the non-custodial parent that the law contemplates under this theory. Although trial courts have wide discretion in change of custody proceedings, there are limits to that discretion.

(Citations and punctuation omitted.) *Ormandy v. Odom*, 217 Ga. App. 780-781 (1) (459 SE2d 439) (1995).

In situations where one parent is designated as the primary physical custodian of the children, and "[t]he only change in the conditions surrounding the children is that the father remarried . . . and moved out of state[, r]elocating and remarrying are not in and of themselves sufficient changes in conditions to authorize a change in custody." (Citations omitted.) *Ormandy*, supra, 217 Ga. App. at 781

(1); accord *Helm v. Graham*, 249 Ga. App. 126, 129 (547 SE2d 343) (2001).

Here, the parties specifically agreed that Bodne would be designated as the primary physical custodian of the children. As such, Bodne had a prima facie right to retain custody of the children, and his relocation to Alabama with the children did not in and of itself constitute a change in conditions that would authorize a change in custody. The evidence did not reveal that Bodne was no longer able or suited to serve as the primary custodian. In fact, the court determined that Bodne was a loving father who was fully capable of caring for the children.

Although the evidence does not support a change in custody from the father to the mother, the relocation of the children may necessitate a modification of the mother's visitation rights. See *Ormandy*, supra, 217 Ga. App. at 782 (1). We therefore remand this case to the trial court for further proceedings concerning this issue and to allow for the entry of an order modifying visitation. See *Helm*, supra, 249 Ga. App. at 131.

*Judgment reversed and case remanded with direction. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 8, 2002 — ▮▮▮▮▮▮▮▮

*Warner, Mayoue & Bates, John C. Mayoue, Pamela J. Gray, Hope C. Allen*, for appellant.

*James M. Allison, Jr.*, for appellee.