**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 20, 2023**

# In the Court of Appeals of Georgia

A23A0110. WIGGINS v. ROGERS.

BROWN, Judge.

In 2017, Authella Rogers ("Mother") and Craig Wiggins ("Father") were divorced in Cobb County pursuant to a final judgment and decree of divorce, under which they shared joint physical custody of their child and there was no child support obligation. Mother filed a petition for modification of custody and child support in 2019. Father appeals from the trial court's order granting Mother primary physical custody and awarding her child support. For the following reasons, we affirm the trial court's custody ruling, but we reverse the aspect of its child support award requiring that Father pay half of the child's extracurricular expenses and remand the case with direction.

"This Court reviews for an abuse of discretion an order modifying or declining to modify child custody and child support, and evidentiary findings will be affirmed if there is any evidence to support them." *Stanley v. Edwards*, 363 Ga. App. 331, 332 (870 SE2d 911) (2022). The evidence here shows that the parties have one child together, W. W., a girl who was born in 2011. Following their 2017 divorce, the parties had roughly equal parenting time with the child. At some point prior to filing her petition for modification of custody and child support in 2019, Mother moved from Cobb County to Dallas in Paulding County, and the child transferred to a Paulding County school.

In September 2020, Mother filed a motion for an emergency temporary hearing in which she requested that she be granted primary physical custody of W. W. The motion was based on the fact that the child's teachers had informed Mother of their concerns about an incident during virtual schooling, when the child was in Father's custody and left home unsupervised. Following an emergency hearing, the trial court temporarily awarded Mother primary physical custody and established certain parenting time for Father. Mother's petition for modification of custody, as amended, was largely based upon her contention that the child had been faring much better

2

while she had primary physical custody and while the child was attending the Paulding County school.

At a final hearing in April 2022, Mother testified that her new home in Paulding County was approximately 30 miles from Father's home in Cobb County, and that under the prior split custody arrangement driving between the homes and driving from Father's home to the child's school in Paulding County had adversely affected the child's mood, focus, and school performance. However, Mother testified, since she had been awarded temporary physical custody in September 2020, the child had experienced "[a] huge improvement" with her behavior and school performance, as she received compliment letters from teachers, was in honors classes and honors chorus, and was excited about school and participating in extracurricular activities.

The trial court subsequently issued a final order awarding Mother primary physical custody and establishing certain parenting time for Father. The trial court stated the following in support of its custody ruling:

> The [c]ourt finds that a material change of condition affecting the welfare of [W. W.] exists, to wit: the minor child has relocated to Dallas, Georgia and currently attends Paulding County Schools. The [c]ourt further finds that it would be in the child's best interest to continue to reside with [Mother] as the primary custodian as supported by [Mother's] testimony regarding the minor child's involvement in extra-

curricular activities and improvement in educational achievement, including participation in honors classes.

The trial court ordered Father to pay $1,054 in monthly child support and to pay half of the child's extracurricular activity expenses.

1. On appeal, Father argues that the trial court erred in awarding Mother primary physical custody of W. W. because there was (a) no evidence of a material change in circumstances, following the split custody arrangement, that affected the child's welfare, and (b) no evidence that discontinuing the split custody arrangement was in the child's best interests. Father asserts that the trial court awarded Mother primary physical custody based solely upon her relocation to Paulding County, but the relocation of a parent alone does not constitute a material change in circumstances.

We disagree, because some evidence supports the trial court's custody ruling, which was not based solely upon Mother's relocation.

> In Georgia, there is a well established two-part test which the trial court must employ before instituting a change of custody. The trial court must determine whether there has been a material change in circumstances affecting the welfare of the child since the last custody award. If so, the trial court then determines whether the child's best interests will be served by a change in custody. In other words, the best interests of the

child should be utilized in deciding the case once a change in condition has been established. While a best interests of the child standard applies to an initial determination of custody, it is applicable in a change of custody action only after there has been a showing of a change in condition materially affecting the child.

(Citation and punctuation omitted.) *Stanley*, 363 Ga. App. at 336-337 (1); see also OCGA § 19-9-3 (a) (2).

"Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case." (Citation and punctuation omitted.) *Lowry v. Winenger*, 340 Ga. App. 382, 385 (1) (797 SE2d 230) (2017). "This Court will not interfere with a trial court's decision unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, we will not find there was an abuse of discretion." (Citation and punctuation omitted.) Id.; see also *Brazil v. Williams*, 359 Ga. App. 487, 490 (1) (b) (859 SE2d 490) (2021) ("In making the determination whether there has been a material change in circumstances affecting the child, the trial court is vested with broad discretion which will not be disturbed on appeal unless abused.") (citation and punctuation omitted). "[T]he task of assigning the custody of children lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses,

5

observe their demeanor and attitudes, and assess their credibility. We do not second-guess the trial court in this regard when, as here, there is any reasonable evidence to support the decision." (Citation and punctuation omitted.) *Brazil*, 359 Ga. App. at 490 (1) (b).

Some evidence supports the trial court's findings that (a) there had been a material change in circumstances affecting the welfare of W. W. since the split custody arrangement, and (b) the child's best interests would be served by a change in custody. Specifically, the evidence showed that the prior split custody arrangement had adversely affected the child's mood, focus, and school performance, but the temporary award of primary physical custody to Mother had caused a huge improvement for the child in these areas. See *Fox v. Korucu*, 315 Ga. App. 851, 855 (729 SE2d 16) (2012) (evidence that child was doing poorly in school constituted some evidence of a material change in circumstances that adversely affected the child); *Lewis v. Lewis*, 252 Ga. App. 539, 542 (2) (557 SE2d 40) (2001) (trial court properly considered the impact of the mother's proposed move on existing custody arrangement, including the fact that the children's school and activity schedules would become impractical and onerous as the children were shuttled between their parents' homes, in finding that continuation of the existing arrangement would

6

adversely impact the children's welfare and that the changed circumstances were sufficient to justify a modification of custody). "[D]ifficulty in maintaining a shared custody arrangement can amount to an adverse change in condition affecting the welfare of a child." *Lewis*, 252 Ga. App. at 542 (2).

While Father emphasizes evidence that W. W. was a good student under the split custody arrangement, the trial court was permitted to credit the contrary evidence of the child's struggles under this arrangement. See *Brazil*, 359 Ga. App. at 490-491 (1) (b). Thus, the evidence authorized the trial court's award of primary physical custody to Mother. See *In the Interest of S. D. J.*, 215 Ga. App. 779, 780-781 (452 SE2d 155) (1994) (evidence, that the constant moving of the child from one parent's home to the other's home under a joint custody agreement had resulted in a hectic and burdensome schedule for the child with respect to his school schedule and other activities, supported trial court's change of primary physical custody to the mother).

The trial court did not award Mother primary physical custody based solely upon her relocation to Paulding County. "Relocation of one parent does not alone constitute a material change in circumstances. Instead, when exercising its discretion in relocation cases, as in all child custody cases, the trial court must consider the best interests of the children and cannot apply a bright-line test." (Citation and

punctuation omitted.) *Burnham v. Burnham*, 357 Ga. App. 580, 584 (851 SE2d 202) (2020).

Immediately before making its custody ruling, the trial court correctly noted that (a) it could only grant Mother's petition for modification of custody if it first found that "there has been a material change of condition affecting the welfare of [W. W.] since the last custody award," and (b) upon making such a finding, it should consider the "best interests of the child" in making any new custody decision. The trial court then found that a material change of condition affecting the child's welfare existed in that the child had relocated and was attending Paulding County schools, and explained in its best-interests analysis that the child had experienced significant improvements in those schools and while in Mother's primary physical custody. Thus, viewing the order as a whole, the trial court properly considered how the Mother's relocation actually affected the child's welfare, including the child's school performance. See *Burnham*, 357 Ga. App. at 584 (trial court's finding of a material change in circumstances was not based on the mother's relocation alone, but on multiple factors affecting the children, including their participation in church and other extracurricular activities); *Weickert v. Weickert*, 268 Ga. App. 624, 627-628 (1) (602 SE2d 337) (2004) (viewing the trial court's order as a whole, including its

correct recitation of the law, a strong implication arose that the trial court considered the change of circumstances to have been material). Accordingly, we affirm the trial court's custody ruling.

2. Father argues that the trial court erred by requiring him to pay half of W. W.'s extracurricular expenses without making the necessary factual findings to justify a deviation from the child support guidelines. We agree.

The Supreme Court of Georgia has explained that extracurricular expenses are normally included in the presumptive amount of child support:

> The language of OCGA § 19-6-15 (i) (2) (J) (ii) makes clear that a portion of the basic child support obligation is intended to cover average amounts of special expenses for raising children, including the cost of extracurricular activities. If a factfinder determines that the full amount of special expenses described in that division exceeds seven percent of the basic child support obligation, the "additional amount of special expenses shall be considered as a deviation to cover the full amount of the special expenses." Id. Such a deviation must then be included in Schedule E of the Child Support Worksheet and, as with other deviations from the presumptive amount of child support, the factfinder must make the required written findings. See OCGA § 19-6-15 (i) (1) (B).

*Turner v. Turner*, 285 Ga. 866, 867-868 (2) (684 SE2d 596) (2009), disapproved in part on other grounds, *McCarthy v. Ashment-McCarthy*, 295 Ga. 231, 233 (2), n.1 (758 SE2d 306) (2014); see also OCGA § 19-6-15 (a) (10), (b) (8), (c) (2) (E).[1] These requirements apply both to a trial court's original grant of child support and any subsequent modification. *Park-Poaps v. Poaps*, 351 Ga. App. 856, 867-868 (6) (833 SE2d 554) (2019).

Here, in ordering Father to pay half of W. W.'s extracurricular expenses, the trial court made no factual findings to support a deviation from the presumptive child support amount and did not include a Schedule E as part of the child support worksheet that was incorporated into its order. Accordingly, we must reverse this aspect of the child support award and remand for further proceedings consistent with this opinion. See *Day v. Mason*, 357 Ga. App. 836, 840-841 (2) (851 SE2d 825) (2020) (reversing trial court's requirement that father pay portion of child's

---

[1] To apply a deviation, the trial court must specifically find that the deviation is appropriate and must state in support: (1) the reasons for the deviation from the presumptive amount of child support; (2) the amount of child support that would have been required if the presumptive amount of child support had not been rebutted; (3) how application of the child support guidelines would be unjust or inappropriate; and (4) how the best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support. See OCGA § 19-6-15 (c) (2) (E), (i) (1) (B).

extracurricular activities because court failed to make required findings to support deviation from guidelines, but not remanding for further proceedings because child was not involved in any extracurricular activities and therefore court could not have found that the full amount of extracurricular expenses exceeded seven percent of father's basic child support obligation, as required for deviation); *Park-Poaps*, 351 Ga. App. at 866-871 (6) (reversing trial court's award of pro rata costs for child's extracurricular activities because court failed to make required findings to support deviation from guidelines, and remanding for further proceedings).

On remand, the trial court should determine whether, under the parameters set forth in OCGA § 19-6-15 (i) (2) (J) (ii), a specific deviation from the presumptive amount of child support should be granted based on special expenses incurred for child-rearing, including costs incurred for W. W.'s extracurricular expenses. *Park-Poaps*, 351 Ga. App. at 870 (6). If the trial court determines that such a deviation is appropriate, it should support the deviation with the required written findings (OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B)), enter the deviation on Schedule E of the child support worksheet (OCGA § 19-6-15 (b) (8)), and incorporate the schedule and worksheet into its order (OCGA § 19-6-15 (m) (1)). Id. at 870-871 (6).

Mother argues that the requirement that Father pay half of W. W.'s extracurricular expenses should be affirmed because he expressly consented to it at the final hearing. However, "the general rule" is that "the actions of a party do not waive the trial court's compliance with the mandate to enter findings pursuant to OCGA § 19-6-15 (c) (2) (E) and 19-6-15 (i) (1) (B)." (Citation and punctuation omitted.) *Park-Poaps*, 351 Ga. App. at 870 (6), n.5; see OCGA § 19-6-15 (c) (6); *Wallace v. Wallace*, 296 Ga. 307, 309 (1) (766 SE2d 452) (2014). "There is an exception to this general rule where a trial court enters a child support order without the requisite factual findings, and the former spouse thereafter files a motion for new trial that does not raise the failure of the order to contain such findings." *Park-Poaps*, 351 Ga. App. at 870 (6), n.5; see *McLendon v. McLendon*, 297 Ga. 779, 780 (2) (778 SE2d 213) (2015). "[I]n that circumstance, if the former spouse then seeks to raise the issue of the lack of written findings for the first time on appeal, the issue is deemed waived." *Park-Poaps*, 351 Ga. App. at 870 (6), n.5. Here, because Father "did not file in the trial court a motion for new trial in connection with the present modification action that did not raise the trial court's failure to comply with the findings requirement, and then attempt to raise the issue for the first time in this Court," he did not waive the trial court's compliance with the mandate to enter findings pursuant to

12

OCGA § 19-6-15 (c) (2) (E) and 19-6-15 (i) (1) (B). (Citation and punctuation omitted.) Id.

In conclusion, we affirm the trial court's custody ruling, but we reverse the aspect of its child support award requiring that Father pay half of W. W.'s extracurricular expenses and remand the case with direction.

*Judgment affirmed in part, reversed in part, and case remanded with direction. McFadden, P. J., and Markle, J., concur*.