## 29601. KOHLER v. KROMER.

HILL, Justice.

In this action to change custody of minor children awarded to the mother in a 1970 divorce decree, the father alleged that substantial and material changes had occurred in that the mother had become unfit to retain custody, that her subsequent marriage was breaking up, and that she had developed severe nervous and psychiatric problems and had become a "virtual alcoholic." At the time the petition was filed the father

and his present wife had physical custody of the children by virtue of their alleged abandonment by the mother.

At the hearing the trial judge heard evidence from the father, the mother's present husband, the mother, a friend of the mother, and the mother's psychiatrist. He also talked to the children, aged 12 and 9, in his chambers out of the presence of counsel and the parents, which interview was not transcribed.

Based upon the foregoing the court concluded that the mother was in a "trying situation" because of a pending divorce from her present husband and was "under additional pressure and mental strain and stress"; that the testimony of the psychiatrist showed that her condition was improving and the future looked brighter; but that since the court was concerned with the best interest and welfare of the minor children and believed they should stay together and not be separated, it would grant permanent custody to the father. The mother appeals.

Although three errors are enumerated, they are all directed at the sufficiency of the evidence to support the judgment. Clearly the evidence was sufficient to authorize the trial judge to refuse to grant the mother's motion to dismiss the father's complaint made at the conclusion of his testimony and that of the mother's estranged husband. The judge likewise did not commit reversible error in refusing to strike the father's entire testimony. His testimony, while based in some degree upon information repeated to him by other people, which would constitute hearsay, was also based upon his personal observations of the mother and the children. Nor was it error for the judge to talk to the children in chambers outside the presence of the parties and counsel. Neither party objected when the court suggested this procedure, and, as noted by the court, it was concerned only with determining what solution would be in the best interest and welfare of the children. Towards that end, it relaxed the strict rules of evidence so as to ascertain the relevant and material circumstances, which, without objection, was within its broad discretion to do. Although the statements made by the children not on the record cannot be used to uphold the decision of the lower court

(*Peoples v. Newman,* 209 Ga. 53, 57 (70 SE2d 749)), no reversible error was committed. Compare *Willingham v. Willingham,* 192 Ga. 405, 408 (15 SE2d 514).

While "The award of custody of a child of the parties in a divorce decree is conclusive unless there have been subsequently to the decree new and material changes in the conditions and circumstances substantially affecting the interest and welfare of the child," (*Young v. Young,* 216 Ga. 521, 522 (118 SE2d 82)), this court has recently stated that "Changed conditions affecting the welfare of a child occurring after the rendition of a former final custody judgment which will warrant the issuance of a new judgment . . . effecting a change of custody or visitation rights is essentially a fact issue in each individual case which must be decided by the . . . court. And if there is 'reasonable evidence' in the record to support the decision made by the . . . court in changing custody or visitation rights, then the decision of the . . . court must prevail as a final judgment, and it will be affirmed on appeal." *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484).

In our view the evidence of record here reasonably supported the change in custody to the father. Accord, *Hilliard v. Atkinson,* 230 Ga. 872 (199 SE2d 789).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED APRIL 8, 1975.

*John D. Varnell,* for appellant.
*Michael D. Barber,* for appellee.