## A04A0485. FRANK v. LAKE.
(596 SE2d 223)

PHIPPS, Judge.
This is a child custody modification action by Angela Lake against her former husband, John Scott Frank. We granted Frank's application for discretionary appeal of an order of the Superior Court of DeKalb County granting Lake's petition for change of custody. Frank claims that there is no competent evidence of record supporting the modification order. We, however, find adequate evidence in the record to support the superior court's change of custody decision and, therefore, affirm.

Frank and Lake were divorced in 1997. They have a daughter (born 1992) and twin sons (born 1993). Under a settlement agreement incorporated into the parties' final divorce decree, Frank was awarded custody of the children. In June 1998, Lake filed a petition for modification of custody. By order entered in May 1999, the DeKalb Superior Court denied Lake's request for change of custody but modified the visitation provisions of the parties' divorce decree.

In February 2002, Lake filed this petition for modification of custody. Among other things, she charged Frank with failure to obtain proper medical treatment for the children and with frequent use of illegal drugs in the children's presence. In a sworn affidavit filed with the court, the parties' daughter averred that Frank constantly smoked marijuana in the presence of the children during which times he became abusive and neglectful. At a temporary hearing on April 17, 2002, Frank's attorney informed the court that the parties had entered into a consent agreement to transfer custody of the children to Lake. With the consent of the parties, the court met in chambers with the daughter at the time of the hearing. On April 23, the court entered a final order awarding custody of the children to Lake and visitation to Frank. Frank moved to vacate the order on the ground that the parties had intended the consent agreement to provide only for a temporary change of custody. As a result, the court changed the April 23 order to a temporary custody award.

In August 2002, the court appointed a guardian ad litem for the children. The guardian ad litem conducted an investigation and

submitted a report to the court in December 2002. Attached to the report are numerous exhibits consisting primarily of medical records of the children. In the report, the guardian ad litem noted that Lake had provided medical documentation showing that in April 2001, Frank had failed to obtain proper medical treatment for a wrist and arm fracture suffered by his daughter; that in May 2001, Frank had taken his daughter to a medical clinic which misdiagnosed a skin ailment she was experiencing; and that in November 2001, Frank had removed a cast from his daughter's fractured foot without medical consultation so that she could attend a dance. Nonetheless, the guardian ad litem concluded that Lake had used the daughter as a vehicle to discredit Frank on the issue of medical care, and that there had been no medical neglect of the children by him. In the report, the guardian ad litem also recounted that, when being interviewed, each of the children had reported marijuana use or possession by Frank. But the guardian ad litem found the allegations of Frank's drug use to have been exaggerated. In sum, the guardian ad litem concluded that the homes of both the father and mother were equally suited for the children and that there had not been a material change in circumstances adversely affecting the health and welfare of the children.

At the final hearing in February 2003, Frank objected to the court's consideration of any statements his daughter had made to the court in chambers at the time of the temporary hearing. Noting that the in-chambers interview had been conducted with the agreement of the parties, the court overruled the objection. Frank also objected to the court's consideration of the temporary custody order. The court ruled that it would consider matters developed at the temporary custody hearing for the purpose of determining whether there had been a material change of circumstances since the prior custody order. Frank did not object to the court's consideration of the guardian ad litem's report. In fact, Frank's attorney stated to the court, "I want you to consider the guardian's report, which both sides have asked the court to consider without having the guardian present. They do not need to question the guardian. The guardian's report stands on itself."

At the final hearing, Lake testified about Frank's failure to obtain proper treatment for the children's medical conditions. She also testified that she had instituted this proceeding in part because of the children's complaints that a lot of drugs were being used in Frank's home. She further testified that she had recently remarried, that the children were doing very well in school, that they had become more involved in extracurricular activities since coming to live with her, and that one of the twins had developed an asthmatic condition requiring continual medical attention.

Following the hearing, the superior court entered an order granting Lake's petition for change of custody. In the order, the court found that the children's reports that Frank had possessed or used marijuana in their presence on several occasions were credible and that the father had failed to obtain proper medical treatment for them. The court also noted that the children had expressed a desire to live with the mother and appeared to be thriving in her care. The court thus found a change of circumstances materially affecting the welfare of the children. Frank filed a motion for new trial, which the court denied.

1. Frank contends that the superior court erred in considering the guardian ad litem's report and out-of-court statements by his daughter.

This case bears some similarity to *Kohler v. Kromer*.[1] In *Kohler*, it was held that the trial judge in a change of child custody proceeding had not erred in talking to the children in chambers outside the presence of the parties and counsel.[2] The Supreme Court noted that neither party had objected when the trial court had suggested this procedure. The Supreme Court concluded that, although statements made by the children not on the record could not be used to uphold the change of custody award, the trial court, within its broad discretion and without objection by the parties, was authorized to relax the strict rules of evidence to ascertain the relevant and material circumstances to determine what resolution of the controversy would be in the best interests and welfare of the children.[3]

In this case, the parties agreed for the trial court to interview their daughter in chambers and to consider the guardian ad litem's report. Therefore, we find no error by the court, even though the child's untranscribed statements cannot be used to support the order appealed and the guardian ad litem's report may have contained nonprobative hearsay.

2. Frank contends that the court erred in granting a change of custody because there has been no substantial change in circumstances, and there is no probative evidence of record to support a change of custody.[4]

Although Georgia statutory law authorizes modification of a judgment relating to the custody of a minor based upon a showing of a change in "any" material conditions or circumstances of a party or

---

[1] 234 Ga. 117 (214 SE2d 551) (1975).

[2] Id. at 118.

[3] Id. at 118-119.

[4] As held in cases such as *In the Interest of C. D. E.*, 248 Ga. App. 756, 764 (2) (546 SE2d 837) (2001), and *Ga. Power Co. v. Leonard*, 215 Ga. App. 383, 385 (2) (451 SE2d 74) (1994), hearsay evidence has no probative value even if it is admitted without objection.

the minor,[5] and although the Supreme Court of Georgia held in the landmark case of *Robinson v. Ashmore*[6] that whether changed conditions warrant issuance of a new judgment effecting a change of custody is "essentially a fact issue in each individual case,"[7] cases such as *Ormandy v. Odom*,[8] have held:

> In a contest between the parents, the award of custody by a divorce court vests the custodial parent with a *prima facie* right. Ordinarily, the trial court should favor the parent having such a right. What the court must affirmatively find is either that the original custodian is no longer able or suited to retain custody or that conditions surrounding the child have so changed that modification of the original judgment would have the effect of promoting his welfare. It is a change for the worse in the conditions of the child's present home environment rather than any purported change for the better in the environment of the non-custodial parent that the law contemplates under this theory. Although trial courts have wide discretion in change of custody proceedings, there are limits to that discretion.[9]

More specifically, *Ormandy* applied a rule that a custodial parent's "[r]elocating and remarrying are not in and of themselves sufficient changes in conditions to authorize a change in custody. [Cits.]"[10] In *Bodne v. Bodne*,[11] however, the Supreme Court of Georgia recently abolished the rule applied in *Ormandy* and like cases,[12] holding: "When exercising its discretion in relocation cases, as in all child custody cases, the trial court must consider the best interests of the child and cannot apply a bright-line test. This means that an initial custodial award will not always control after any 'new and material change in circumstances that affects the child' is considered. [Cit.]"[13]

Although there may be no admissible evidence of record to support the trial court's final custody modification decision on the

---

[5] *Gordy v. Gordy*, 246 Ga. App. 802-803 (1) (542 SE2d 536) (2000), citing OCGA § 19-9-1 (b).

[6] 232 Ga. 498 (207 SE2d 484) (1974), overruled in part on other grounds, *Durden v. Barron*, 249 Ga. 686 (2) (290 SE2d 923) (1982).

[7] *Robinson*, supra at 500.

[8] 217 Ga. App. 780 (459 SE2d 439) (1995).

[9] (Citations and punctuation omitted.) Id. at 780-781 (1).

[10] Id. at 781.

[11] 277 Ga. 445 (588 SE2d 728) (2003).

[12] See, e.g., *Ofchus v. Isom*, 239 Ga. App. 738, 739 (1) (521 SE2d 871) (1999) (physical precedent only).

[13] *Bodne*, supra at 446.

basis of drug use by Frank, there is reasonable evidence in the record to support a determination of medical neglect by him adversely affecting at least one of the children and that the children are doing better in Lake's care than they were in his. The trial court in exercising its discretion in this child custody case was thus authorized to find that a material change in circumstances affecting the best interests of the children warranted a transfer of custody from Frank to Lake.[14]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 3, 2004.

*Anthony M. Zezima,* for appellant.
*Theresa A. Hood, David R. Wininger,* for appellee.
Angela Lake, *pro se.*

---

[14] See *Bodne,* supra; *Kohler,* supra.