## A04A1544. WEICKERT v. WEICKERT.
### (602 SE2d 337)

MIKELL, Judge.

Myra Johnson Weickert filed an application for discretionary appeal of the trial court's order in this modification action giving primary physical custody of her three minor children to their father, Denis Weickert. We granted the application to review the custody modification order under the Supreme Court's holding in *Bodne v. Bodne*, 277 Ga. 445 (588 SE2d 728) (2003). Finding no abuse of discretion by the trial court, we affirm.

Much of the relevant background in this case is undisputed. Myra and Denis Weickert were divorced on February 1, 1999. They have three children, Matthew, age ten, Rachel, age eight, and Barry, age six.[1] The final judgment and decree of divorce provided that the parties would share joint legal custody of the children, who would reside primarily with the appellant mother. In October 2001, appellant mother informed appellee father that she intended to move to California to be near her family. During the spring of 2002, her mother became gravely ill, and appellant made plans to go to California to care for her.

The parties filed a joint petition for modification of child custody and support on September 13, 2002. In their petition, the mother and father stated that "[s]ince the Final Judgment and Decree of Divorce, there has been a substantial change in the circumstances of the parties and the children." The parties further agreed that because the mother was moving to California, the father would have physical custody of the children through the 2002-2003 school year. They stated that the custodial changes were made by taking into consideration the best interests of the children. The parties' agreement was made the order of the court on October 2, 2002. The order provided, in part, that the father would have physical custody "at least during

---

[1] These are the children's ages as of the final order, entered November 10, 2003.

the 2002-2003 school year" and that, on or before May 15, 2003, the parties would consult with each other to reevaluate the physical custody of their children. Because the parents were unable to agree on custody after the school year ended, the trial court permitted appellee father to reopen the modification action by filing an amended petition for modification of custody and support in August 2003.

The court conducted a one-week trial in September 2003, and, in its final order, made extensive findings of fact, including the following: that the appellant mother had traditionally been the primary caregiver to the children during the marriage and immediately following the divorce; that the parties were initially very cooperative with each other in co-parenting after the divorce; and that the appellee father moved to a home near the mother's home in Gwinnett County, was very involved in his children's lives, and participated in their school and extracurricular activities before he became the custodial parent.

The court also found that after the divorce, the appellant mother began a relationship with Annie Kretowicz, that the two women began residing together in 2001 in Georgia, and that they continue to live together in California. The court attributed the deterioration of the parties' co-parenting relationship in part to Kretowicz's hostility toward appellee father. The court cited Kretowicz's testimony about a confrontation between herself and appellee father in front of the children and ordered that: "While the court finds that Kretowicz enjoys a good relationship with the children and is a capable caregiver, it is necessary that she not involve herself with the co-parenting of the children by the parties nor interject herself into their relationship."

With regard to the 2002-2003 school year during which appellee father had physical custody of the children, the court found that he developed a network of friends with parenting experience to provide support to himself and the children; that he "proved to be quite capable as a single parent"; and that he utilized the services of a nanny to cook dinner, bathe the children, clean the home, and help with homework. The court also found that appellant mother visited the children in Georgia on numerous occasions for extended periods of time and that Kretowicz, who initially remained in Georgia after appellant mother moved to California, participated in an arrangement with the appellee father during which the children stayed with her on alternating weekends and on Wednesdays.

The court further found that the appellant mother was financially irresponsible, based in part on evidence that, five months after realizing $63,000 from the sale of her Georgia home, she filed for bankruptcy, listing unsecured debts in excess of $94,000, and that she had depleted all of her savings, including her retirement fund.

The court acknowledged that the children were performing well in school and that there had been no reports of changes in their behavior. The trial judge stated that he "believes the children would do well whether they lived in Gwinnett County, Georgia, or in northern California." In conclusion, the trial court held that "the change of circumstances [had] been for the worse for the minor children" but that the mother's relocation to California considered alone did not require a change in custody. The court went on to hold that modification of the original judgment would have the effect of promoting the children's welfare. Accordingly, the court ordered that the father would have primary physical custody, with liberal visitation rights given to the mother.

The trial court's final order was entered on the same day that our Supreme Court decided *Bodne*, supra, in which it overruled *Ormandy v. Odom*, 217 Ga. App. 780 (459 SE2d 439) (1995), and held:

> When exercising its discretion in relocation cases, as in all child custody cases, the trial court must consider the best interests of the child and cannot apply a bright-line test. This means that an initial custodial award will not always control after any new and material change in circumstances that affects the child is considered.

(Citation and punctuation omitted.) *Bodne*, supra at 446. Prior to the *Bodne* decision, there was a presumption in relocation cases that the custodial parent had a prima facie right to retain custody unless the objecting parent demonstrated that the new environment would endanger a child's physical, mental, or emotional well-being; however, the Court abolished that rule in favor of the best interest standard. Id. at 447, citing *Ormandy*, supra at 780 (1).

We granted appellant mother's application for discretionary appeal in the case sub judice to consider (1) whether, under the holding of *Bodne*, supra, a finding of material change in circumstances for the worse is required as a prerequisite to changing custody, and, if so, whether the evidence supported the trial court's findings; (2) whether a finding of material change in circumstances must be made before the court can consider the best interests of the children in a custody modification proceeding; and (3) whether the trial court erred in failing to make an express finding regarding the best interests of the children when it determined that modification of the original judgment would have the effect of promoting their welfare.[2] As we consider these issues, we are "mindful that the

---

[2] Despite our grant of discretionary appeal only on the above three issues, appellant mother

Solomonic task of assigning the custody of children lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility." (Citation and punctuation omitted.) *Gordy v. Gordy*, 246 Ga. App. 802, 803 (1) (542 SE2d 536) (2000). If the record contains any reasonable evidence to support the trial court's decision on a petition to modify custody, it will be affirmed on appeal. *Durham v. Gipson*, 261 Ga. App. 602, 605 (1) (583 SE2d 254) (2003).

1. Because the first two issues are related, we will consider them together. *Bodne* requires a finding of a material change in circumstances affecting the children before a custody award may be modified. Neither *Bodne*, nor the two decisions of this Court that follow it, specify that the change must be for the worse. *Cousens v. Pittman*, 266 Ga. App. 387 (597 SE2d 486) (2004); *Frank v. Lake*, 266 Ga. App. 60 (596 SE2d 223) (2004). Rather, in *Frank*, supra, we considered whether there was evidence of a material change affecting the best interests of the children. Id. at 63-64 (2) (reasonable evidence of medical neglect by father supported custody modification). *Ormandy*, supra, required a finding of a change for the worse in order to overcome the custodial parent's prima facie right to retain custody. Id. at 780-781 (1). However, when *Bodne* overruled that case and abolished the prima facie right of the custodial parent, it follows that it also eliminated the requirement of showing a change for the worse. Accordingly, the trial court was not required to find a material change for the worse.

"The standard remains, however, that a change of custody may be granted only if a 'new and material change in circumstances affects the child.' " (Punctuation omitted.) *Cousens*, supra at 389-390, citing *Bodne*, supra; OCGA § 19-9-1 (b). Thus, to answer the second question raised in the order granting this discretionary appeal, the trial court must find that a material change in circumstances has taken place before it can consider whether modification of custody is in the children's best interests.

One problem with this litigation and this appeal is that the trial judge in his thoughtful and detailed, 15-page order does not use in his findings of fact the magic word "material" to modify the word "change." But in the first paragraph of his conclusions of law, he correctly states the prerequisite for exercising his discretion, i.e., that "the plaintiff must demonstrate a material change of condition affecting the welfare of the children since the last custody award." In the next

---

chose to enumerate eight errors in her appellate brief. We will confine our consideration of this case to the issues listed in our order granting the application and will attempt to apply her arguments to the appropriate issues.

paragraph, he recites that "[t]he court finds that the change of circumstances has been for the worse for the minor children." Considering the order as a whole, a strong implication arises that the trial court considered the change of circumstances to have been material. The order recited a correct understanding of the law and then changed custody following a week-long trial. Although, as mentioned above, a trial court must find that a material change in circumstances has taken place before it can consider whether modification of custody is in the children's best interests, we will not remand to require the use of the word "material" where, as here, it is manifest from the written order that the trial court considered that significant and substantial changes in circumstances had occurred.

Appellant mother argues that the evidence did not support the trial court's implicit finding of a "material" change in circumstances; however, we disagree. Significantly, the underlying modification action originated with a joint petition, in which both parties stated: "Since the Final Judgment and Decree of Divorce, there has been a substantial change in the circumstances of the parties and the children. The Defendant (appellant mother) has certain family obligations to her elderly parents in California and has decided to move from the State of Georgia to the State of California." Having solemnly pled in judicio that a "substantial" change had occurred, she cannot now argue to the contrary. Further, even absent the joint petition, common sense dictates that the relocation of the custodial parent from Georgia to California is a material change in the children's circumstances. Appellant mother's decision to move the children across the country affected appellee father's ability to remain involved in their lives. Thus, having properly found substantial changes in circumstances affecting the children, the trial court was authorized to consider their best interests in making a custody determination.

2. Next, we must determine whether the trial court erred in failing to make an express finding regarding the best interests of the children when it found that modification of the original judgment would have the effect of promoting their welfare. As we noted above, the trial court's final order was entered on the same day that *Bodne* was decided; therefore, the trial judge did not know that his findings should specifically include the best interests of the children. Even so, after hearing all of the evidence, the judge did find that "modification of the original judgment would have the effect of promoting [the children's] welfare." We have held that "the court's duty in custody cases is to determine what is in the best interests of the children, and what will best promote their welfare and happiness," which is essentially what the trial court did here. (Footnote omitted.) *Durham,*

supra at 606 (1). We do not find it necessary to remand this case in order for the court to use the exact language provided in *Bodne*.

Appellant mother argues that the trial court erred by failing to make express findings of fact to support its conclusion that the custody modification would promote the children's welfare. But the trial court did make numerous findings of fact to support its conclusion, including those summarized above. Furthermore, findings of fact to support custody modification are not required in the absence of a request by a party, and the record does not show that either party requested that the court enter such findings. *Bonds v. Bonds*, 241 Ga. App. 378 (1) (527 SE2d 215) (1999), citing OCGA § 9-11-52 (a). Finding no error, we affirm.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JULY 20, 2004.

▬▬▬▬▬▬▬▬▬▬▬▬▬

*Joyce D. Colmar*, for appellant.
*Florence J. Lytle*, for appellee.

