**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**February 22, 2013**

# In the Court of Appeals of Georgia

A12A1979. ADAMS v. CARVER.

BRANCH, Judge.

On appeal from the trial court's award of primary physical custody to Dale Carver, the father of the child at issue, the mother Pamela Adams argues that the trial court abused its discretion in making the award. We find no error and affirm.

"[A] judge at any temporary or permanent hearing may grant sole custody, joint custody, joint legal custody, or joint physical custody as appropriate." OCGA § 19-9-3 (a) (1). "The duty of [a] judge in [custody cases] shall be to exercise discretion to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness and to make his or her award accordingly." Id. at (a) (2). "We will affirm a trial court's decision on a petition to change custody if there is any reasonable evidence in the record to support it. When reviewing a child

custody decision, this Court views the evidence presented in the light most favorable to upholding the trial court's order." (Punctuation and citation omitted.) *Lynch v. Horton*, 302 Ga. App. 597 (692 SE2d 34) (2010).

Viewed in the light most favorable to the trial court's ruling, the record shows that the mother and father met in September 2008, with a girl born to them in October 2009. In January 2012, Carver brought a legitimation petition, including a request for joint legal and primary physical custody of the child. See OCGA § 19-7-22 (f.1) (a petition for legitimation "may also include claims for visitation, parenting time, or custody," and the court "may order, in addition to legitimation, visitation, parenting time, or custody based on the best interests of the child standard").

At the outset of the hearing on custody, the parties agreed that Carver's petition should be granted as to legitimation. Evidence at the hearing showed that shortly after the mother became pregnant, the couple began fighting. In August 2009, the mother was convicted for cruelty to children in the third degree, battery, and criminal trespass after getting into a fight with another woman in front of children. Although the father often drank heavily and was violent towards the mother, she admitted to attempting to break into the father's house and to striking back at the father "in self-defense" while holding their child in her arms. The mother also violated her probation on the

2

cruelty-to-children charge when she and the father had an altercation in November 2011, after which she pled guilty to a charge of simple battery. After several attempts at reconciliation, the mother moved to Moultrie, more than 400 miles from the father, because she feared for her safety. The father testified that he had often seen the mother bang her head against the wall and that the child was beginning to exhibit the same behavior. He also testified that the mother's bruises had been caused by her own self-destructiveness, including slamming herself against a door the father was attempting to exit through.

The trial court held that the mother and father "shall have joint legal custody" of the child, "with [the father] named the primary physical custodian as the Court finds that he has the most stability at this time." The court ordered that the mother's visitations should be supervised by other family members until she completed a family violence intervention program and obtained a psychological evaluation certifying that she was capable of unsupervised visitation. The court also ordered that "[t]here shall be no alcohol consumption by [the father] while the minor child is with him" and that the mother "may request that [the father] take an alcohol test at any time that the minor child is to be in his custody," with the mother bearing costs if the father passed such a test and the father bearing costs if he failed.

On appeal, the mother argues only that the trial court should have weighed the evidence of the father's alcohol abuse and propensity for violence more heavily against him. But we are in no position to substitute our judgment for the trial court's on these matters of fact. On the contrary, and as we have recently repeated, "the Solomonic task of making these decisions [as to child custody] lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility." (Punctuation and citation omitted.) *Smith v. Curtis*, 316 Ga. App. 890, 892 (730 SE2d 604) (2012). This record, including the mother's conviction for child cruelty arising from her fighting in front of children, supports the trial court's discretionary determination that awarding primary physical custody to the father was in the child's best interest. OCGA § 19-9-3 (a) (2); *Smith* at 893-894 (affirming trial court's modification of custody rights as supported by the record); *Lynch*, supra at 601-602 (4).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*