**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 30, 2014**

# In the Court of Appeals of Georgia

A14A0541. NEW v. GOSS.

A14A0542. COLEMAN v. GOSS.

BARNES, Presiding Judge.

These custody appeals involve two boys with the same father, Arlan Monroe Goss, but different mothers, Liza New and Sabrina Coleman. Both mothers appeal the juvenile court's orders awarding custody of both boys to Goss, and for the reasons that follow, we affirm.

The two boys were born four months apart in 2007, and Goss subsequently legitimated them. Both sets of parents operated under similar custody orders, which gave primary physical custody of the boys to the mothers and three days a week of visitation to Goss. The visitation days were not fixed, however, and once the children entered school, the parties sought to modify the custody orders. Goss filed a petition in superior court against Coleman seeking custody, and Coleman counterclaimed for

a modification of the visiting schedule and for additional child support. Shortly afterward, New filed a petition in superior court seeking to modify the custody order to fix Goss's visitation to set days of the week, and Goss counterclaimed for custody.

The superior court transferred both cases to the juvenile court "for all further action."[1] and after the parties completed discovery, the juvenile court held a lengthy joint hearing. The juvenile court then issued a final order changing primary physical custody of both boys to Goss, and both mothers appeal. They argue that the juvenile court lacked jurisdiction to issue a final order; that the court's findings of fact related to the importance of fathers were not supported by any evidence; and that the court abused its discretion in awarding primary physical custody of the boys to Goss.

1. New and Coleman assert that the superior court's transfer order was too ambiguous to confer jurisdiction on the juvenile court to issue a final order in these cases. They argue that the transfer orders do not specifically direct the juvenile court

---

[1] While the petition in A14A0541 was filed in Wheeler County Superior Court and transferred to Wheeler County Juvenile Court, and the petition in A14A0542 was filed in Montgomery County Superior Court and transferred to Montgomery County Juvenile Court, both counties are in the Oconee Judicial Circuit and both cases were transferred by the same superior court judge and heard by the same juvenile court judge.

2

to issue a final order and that therefore the juvenile court had jurisdiction only to investigate and report back to the superior court. We disagree.

Under former OCGA § 15-11-30.1 (b),[2] a superior court could "transfer the question of the determination of custody, support, or custody and support to the juvenile court for investigation and a report back to the superior court or for investigation and determination." The orders in these cases specify that the cases are being transferred from the superior court to the juvenile court "for *all* further action" (emphasis supplied). "All further action" includes both an investigation and a final report, and is sufficient to confer jurisdiction on the juvenile court to make a final custody determination in accordance with former OCGA § 15-11-30.1 (b).

2. Coleman and New argue that the juvenile court's comment during the hearing that "[n]o single factor creates more problems for troubled kids than not having a father involved in their life" was not supported by any evidence presented at the hearing. They further contend that, considering that the court found nothing wrong with any of the parents, the court's "extra-evidential notions concerning

---

[2] Ga. L. 2013, p. 294, § 1/HB 242, significantly revised Chapter 11 of Title 15, effective January 1, 2014 for "all offenses which occur and juvenile proceedings commenced on and after such date." The issue of transferring custody and support cases from superior to juvenile court is now addressed in OCGA § 15-11-15, with language similar to former OCGA § 15-11-30.1 (b).

3

fathers raising sons ... likely [made] the difference in the outcome" of the proceedings and assert that the juvenile court should be reversed. In a separate enumeration they argue that the trial court abused its discretion by transferring primary physical custody of the boys to Goss.

The court's comments during the hearing were not "findings." A review of the court's final order reveals that its observations regarding fatherhood during the hearing did not form the basis for its determination that the children had undergone a material change in circumstance affecting their welfare, nor did they form the basis for the court's decision that a change of custody was in the boys' best interest.

A petition to modify child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child and that a change of custody is in the best interest of the child. OCGA § 19-9-3 (a) (3), (b); *In the Interest of T.S.*, 300 Ga. App. 788, 790 (2) (686 SE2d 402) (2009). We review the evidence in a custody case in the light most favorable to upholding the trial court's determination, because the trial court had the opportunity to observe the demeanor and attitude of the parties and their witnesses and assess their credibility. *Moses v. King*, 281 Ga. App. 687 (637 SE2d 97) (2006). "If the record contains any

4

reasonable evidence to support the trial court's decision on a petition to modify custody, it will be affirmed on appeal." Id. at 688.

A change in scheduling can be a sufficient change in circumstances to warrant a custody modification. *In the Interest of S. D. J.*, 215 Ga. App. 779, 780-781 (452 SE2d 155) (1994) (joint custody of child who reached school age and began participating in Cub Scouts created hectic and burdensome schedule constituting change in circumstance that justified custody modification). Here, both New and Coleman alleged that a material change in circumstances had occurred because the young children were now enrolled in school. The juvenile court agreed, finding that since the children had started school, the parties' previous unstructured custody arrangement was having an unsettling and detrimental effect on the children. Communication between the parents had deteriorated and the children had outgrown the previous flexible custody schedule, which the court found to be a material change in circumstance affecting their welfare. Thus, we find no error in the trial court's conclusion that circumstances had changed enough to modify the previous weekly schedule of four days with the mother and three days with the father.

As to the trial court's decision to award primary physical custody to the father, we find no abuse of discretion. The court found that all of the parties were fit parents,

that the mothers "have done no wrong against the children," that the father had been heavily involved in the boys' care since birth, and that the half-brothers were very close and had bonded. It concluded that, based on the father's ability to engage in hands-on parenting and synchronize the two boys' school, sports, and church activities, awarding primary physical custody to the father was in the children's best interest, with liberal visitation rights to the mothers.

We must affirm a trial court's custody determination unless the court has abused its discretion. Considering that standard of review, we find no such abuse here and therefore we affirm the trial court's final orders in these two cases. See *In the Interest of S. D. J.*, 215 Ga. App. at 781.

*Judgments affirmed. Boggs and Branch, JJ., concur.*