**July 15, 2016**

# In the Court of Appeals of Georgia

A16A0558. CLARK v. RAU.

BOGGS, Judge.

Kathrine Clark appeals pro se from an order of the Chatham County Superior Court granting Ricky G. Rau's petition for modification of custody and child support. No transcript is included in the record, and while the hearing at issue was reported, it does not appear that it was transcribed.[1] Moreover, Clark's appellate brief is inadequate either to enumerate the errors she contends were made below, or to support them with argument and citation of authority as required by this court's rules.

---

[1] The record indicates that on September 15, 2015, the trial court granted Clark's request to proceed in forma pauperis. In an October 15, 2015 communication to this Court, the trial court's court reporting manager stated that Clark was provided with an estimate for the cost of "transcript production," but "we have not heard from [Clark] regarding this matter, nor have we received a request to proceed with transcript production or a deposit."

In these circumstances, we must presume the regularity of the judicial proceedings below and affirm the judgment of the trial court.

Clark and Rau are the parents of three minor children: sixteen-year-old B. C., fifteen-year-old V. C., and twelve-year-old K. C. On October 16, 2013, the Superior Court of Chatham County entered an order of legitimation, custody, and child support in which Clark and Rau were granted joint legal custody of the children, with Clark having primary physical custody of B. C., Rau having primary physical custody of K. C., and the couple sharing joint physical custody of V. C. On March 7, 2014, Rau filed a petition for modification of custody and child support in which he alleged circumstances materially affecting the welfare of the children, including that Clark was not exercising the joint physical custody arrangement and allowing him physical custody of V. C., that she was not exercising the custodial arrangements with the other children, and that she had failed to provide a suitable furnished residence for the children. Following a bench trial on the petition, the trial court awarded Rau sole legal and physical custody of his three minor children. This appeal followed.

1. Clark has failed to comply with the provisions of Court of Appeals Rules 22 and 25 in the preparation of her appellate brief. The brief does not contain a statement

2

of facts, citations to the record, or numbered and distinct enumerations of error with

supporting arguments.[2] "Proceeding pro se does not relieve [Clark] of [her] obligation

to comply with the rules of this Court. Our requirements as to the form of appellate

briefs were created, not to provide an obstacle, but to aid parties in presenting their

arguments in a manner most likely to be fully and efficiently comprehended by this

Court." (Citation and punctuation omitted). *Goodman v. State*, 313 Ga. App. 290, 291

(717 SE2d 496) (2011). In particular, Court of Appeals Rule 25 (c) (1) requires that

"[t]he sequence of arguments in the briefs shall follow the order of the enumeration

of errors, and shall be numbered accordingly."

> As we have held, Rule 25 (c) (1) is more than a mere formality. It is a
> requirement which this Court imposes to ensure that all enumerations of
> error are addressed and to facilitate review of each enumeration. By
> failing to comply with the rule, [Clark] has hindered the Court's review
> of [her] assertions and has risked the possibility that certain
> enumerations will not be addressed.

---

[2]While Clark's brief contains a section headed "II. Enumeration of Errors," it appears to be a disjointed conflation of a statement of facts with argument, but with no comprehensible citations to the record or to authorities as required by Rule 25 (a) (1) and (3). The brief contains no further argument, other than a truncated "Part III" which amounts to a prayer for relief.

(Citation and punctuation omitted.) *Barnett v. Fullard*, 306 Ga. App. 148, 149-150 (1) (701 SE2d 608) (2010).

Nor is this a mere "minor departure from prescribed procedures," as asserted by the dissent. While we may address enumerations of error "to the extent that we are able to discern which of the enumerations are supported in the brief by citation of authority or argument," id., our customary practice cannot extend so far as to "discern" *both* enumerations of error and argument when neither is provided, particularly in the absence of a transcript of the proceedings. In so doing, we would step outside our constitutionally assigned role.

To the extent that Clark has set forward any comprehensible arguments, she appears to argue that the trial court failed to allow her to present evidence on her own behalf, and that, had she been permitted to do so, she "would sur[e]ly prove that [the trial court's] decisions were not supported by the GA Code." It is in this context, not that of the form of the order, that she discusses the provisions of the statute enumerated by the dissent. In the remainder of her brief, Clark further seems to assert that the trial court disregarded matters presented to it, that the children improperly elected their residence, that Rau, his employer, and employees of DFACS should have

4

been held in contempt, that the court disregarded alleged family violence by Rau, and that the trial court and a magistrate judge were guilty of misconduct in various respects. Nothing provides a basis for the dissent's creation of enumeration of error, argument, and record on behalf of Clark.

As our Supreme Court has observed, in the context of a conviction for murder and other offenses and a sentence of life imprisonment:

> The attempts to provide sua sponte appellate review of criminal appeals notwithstanding incomplete appellate filings, while laudable, do a disservice to the courts, the criminal defendant, and appellate counsel. The practice requires the appellate court to ignore jurisdictional and procedural statutes and rules, and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error.

(Footnote omitted.) *Rowland v. State*, 264 Ga. 872, 874 (452 SE2d 756) (1995). And this court has noted the danger of creating enumerations of error and a brief on behalf of a litigant:

> "creating" an appeal for the appellant who has failed to file enumerations of error or a brief casts this court into the role of advocate. The awkwardness and inappropriateness of this role has been suggested by Judge Beasley in her dissent in *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454) (1987), and again in *Sarver* [*v. State*, 206 Ga. App. 459 (426 SE2d 48) (1992) (physical precedent only.)]

5

(Footnote omitted.) *Whittle v. State*, 210 Ga. App. 841, 842 (437 SE2d 842) (1993), (overruling *Sarver* and *Conyers*). To take on the role of appellate advocate in the context of a *civil* appeal is even more inappropriate and awkward. And in "discerning" that which appears nowhere in an appellant's pleadings or the record, we are not only assuming the role of advocate; we are conflating that role with our judicial responsibilities so as to be both advocate and arbiter.

2. Moreover, even to the extent we are able to discern any assertion of error below from Clark's disjointed and incomplete brief, we are unable to address any of the arguments which Clark has arguably made in the absence of a transcript. "Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed as provided by Code Section 5-6-41. The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal. . . ." OCGA § 5-7-42. Clark, "as the appellant here, bears the burden of showing error below. In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings." (Citations, punctuation and footnote

6

omitted.) *Reed v. Reed*, 295 Ga. 574, 577-578 (2) (761 SE2d 326) (2014); see also *Siratu v. Diane Investment Group*, 298 Ga. App. 127, 128-129 (679 SE2d 359) (2009) (in the absence of transcript or statutory substitute, assumed that evidence supported trial court's decision).

3. The dissent asserts that the trial court's order is "facially deficient" because it fails to recite the "best interest of the child" standard verbatim. This is incorrect, for several reasons. First, neither party requested specific findings of fact, which under OCGA § 19-9-3 (a) (8) need only be provided "[i]f requested by any party on or before the close of evidence." See *Weickert v. Weickert*, 268 Ga. App. 624, 628-629 (2) (602 SE2d 337) (2004). Here, as in *Weickert*, the trial court did not specifically recite the "best interests of the children" formula, but "essentially" did so when it found that Rau had "shown a material substantial change in circumstances which substantially affected the welfare of the parties' minor children." See id. at 628-629 (2). "We do not find it necessary to remand this case in order for the court to use the exact language provided." Id. at 629 (2). We therefore must affirm the judgment of the trial court.

*Judgment affirmed. Branch, McMillian, and Mercier, JJ., concur. Rickman, J., concurs in the judgment only. Barnes, P. J., Miller, P. J., Ellington, P. J., and McFadden, J., dissent.*

A16A0558. CLARK v. RAU.                                              BA-XXX

BARNES, Presiding Judge.

Despite the deficiencies in Kathrine Clark's pro se brief, there is no question that the trial court's order modifying child custody is properly before us for review, and that the order is facially deficient because it fails to reflect a finding that the change in custody is in the best interests of the children. Particularly in matters as sensitive and important as the custody of children, we should ensure that the trial court has applied the proper legal framework. See *Troxel v. Granville*, 530 U.S. 57, 65, 65 (II) (120 SCt 2054, 147 LE2d 49) (2000) ("The liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court."). Because the majority affirms the trial court's child custody order despite its obvious failure to apply the proper legal framework, I respectfully dissent.

In its order modifying child custody, the trial court found that

[Rau] has shown a material change in circumstances which substantially affected the welfare of the parties' minor children and that a modification in custody is warranted, therefore it is hereby **ORDERED** that the Order on Legitimation, Custody, and Child Support entered in this Court on October 16, 2013 is hereby **MODIFIED**[.]

(Emphasis in original)

The trial court's order is deficient on its face. It is well established that in modifying a previous custody arrangement, a trial court must find a material change in conditions or circumstances *and that the change in custody is in the best interest of the children*. *New v. Goss*, 327 Ga. App. 413, 414 (2) (759 SE2d 266) (2014). But the trial court failed to include in its order any determination regarding the children's best interests. Therefore,

> [a]lthough the evidence presented in the trial court may have been sufficient to support a change of custody (of which we cannot make a determination in the absence of a transcript), it appears that the trial court failed to apply the complete correct legal standard in this case.

*Johnson v. Hubert*, 175 Ga. App. 169, 170 (1) (333 SE2d 21) (1985). Under these circumstances, we should vacate the judgment and remand to the trial court for application of the proper legal standard. See id.[3]

---

[3] In asserting that the trial court's order was not facially defective, the majority relies upon *Weickert v. Weickert*, 268 Ga. App. 624, 628-629 (2) (602 SE2d 337) (2004), but that case is clearly distinguishable. In *Weickert*, the trial court entered a "thoughtful and detailed, 15-page order" in which the court included an express finding that modification of child custody "would have the effect of *promoting* [the children's] welfare." (Emphasis supplied.) Id. at 627 (1), 628 (2). The trial court's order in the present case contains no similar language about the "promotion" of the children's welfare. Furthermore, the trial court entered its order in *Weickert* without

In affirming the trial court's order despite its facial omission of any reference to or application of the best interest standard, the majority focuses on the inadequacies of Clark's pro se appellate brief. But despite those inadequacies, the trial court's custody order is properly before us for review when Clark's notice of appeal and brief are viewed under the appropriate statutory standard and the directives of our Supreme Court. OCGA § 5-6-48 (f) directs that

> [w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.

Moreover, our Supreme Court has emphasized that

> [i]n addition to the statutory mandate that the [Appellate Practice Act] be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid … refusal to consider any points raised

---

the benefit of *Bodne v. Bodne*, 277 Ga. 445, 446 (588 SE2d 728) (2003), where our Supreme Court overruled prior precedent and held that "[w]hen exercising its discretion in relocation cases, as in all child custody cases, the trial court must consider the best interests of the child and cannot apply a bright-line test. This means that an initial custodial award will not always control after any 'new and material change in circumstances that affects the child' is considered."

3

therein" (OCGA § 5-6-30), the legislature, in enacting OCGA § 5-6-48 (f), has imposed on the appellate courts a statutory duty to *discern what errors an appellant is attempting to articulate*.

(Emphasis supplied.) *Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999). According to our Supreme Court, "[a] principal objective of the Act was to get away from the harsh practice of treating every minor departure from prescribed procedures as a jurisdictional defect on the same level as a violation of the Bill of Rights." (Citation and punctuation omitted.) Id. at 535.

Here, Clark's notice of appeal identified the order being appealed as the "Final Order on Rau's Petition for Modification of Custody and Child Support." Moreover, although she did not specifically cite to OCGA § 19-9-3 in her appellate brief, Clark repeatedly complained that the trial court did not properly consider the relevant statutory provisions before making the custody change. Among other things, she argued that the trial court did not follow the "[Georgia Code] points that are the criteria in determining what is in the children's best interest." Clark then named each of the factors in  OCGA § 19-9-3 (a) (3) that the trial court may consider in determining the best interest of the child, including the nurturance and safety of the child in the home environment, the recommendation of a court appointed custody

evaluator or guardian ad litem, history of family violence, parents' criminal history, and the well being of the child. See OCGA § 19-9-3 (a) (3) (A) - (Q). She asserted that the trial court's decision to change custody was not supported by any of these factors. The brief of appellant therefore repeatedly and quite clearly makes the argument that the trial court "never considered" the statutory provisions that are to guide a trial court's consideration of the best interests of the child. Thus, Clark's notice of appeal and appellate brief reflect what judgment is being appealed from and what errors Clark is attempting to articulate, thereby authorizing our review of the trial court's custody order for application of the proper legal standard.

Contrary to the majority's contention that we are taking on the role of advocate, our failure to review the trial court's custody order in this case is an abdication of this Court's statutory duty "to bring about a decision on the merits of every case appealed." OCGA § 5-6-30. As noted above, it is perfectly clear from Clark's brief, the notice of appeal, and the record that she is appealing the custody order of the trial court. See OCGA § 5-6-48 (f). And "where the enumeration of errors filed in the appellate court *identifies the trial court ruling asserted to be error*, the error relied upon is sufficiently 'set out separately' to require the appellate court to shoulder its constitutional responsibility to be a court of review." (Citation omitted;

5

emphasis supplied.) *Felix*, 271 Ga. at 539. Moreover, although the majority

complains about the potential dangers of *creating* enumerations of error on behalf of

a litigant where none exist, it is important to keep in mind that

> [t]he individual facets of [Clark's] attack on the legal ruling with which
> [she] took issue are arguments in support of a legal position and are not,
> in and of themselves, errors of law. *Because the arguments supporting*
> *a position concerning a legal ruling are not themselves legal rulings,*
> *they do not have to be enunciated in the enumeration of errors in order*
> *to merit appellate consideration.* Such arguments, however, must be
> addressed by the appellate court if necessary to its decision on the issue
> of the propriety of the trial court's ruling.

(Emphasis supplied.) Id. at 539-540.

Furthermore, the majority's contention that, even in circumstances of a facially

erroneous order, there is a "presumption of the regularity of court proceedings" is not

in keeping with our duty as "courts for the correction of errors of law committed in

the trial court." *Alston & Bird, LLP v. Mellon Ventures II, LP*, 307 Ga. App. 640, 648

(6) (b) (706 SE2d 652) (2010).

> In appellate practice, an error of law is a false or mistaken conception or
> application of the law. Such a mistaken or false conception or
> application of the law to the facts of a cause as will furnish ground for
> a review of the proceedings. *An error of law has as its basis a specific*

6

*ruling made by the trial court.* In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling.

(Citation and punctuation omitted; emphasis supplied.) *Felix*, 271 Ga. at 539. In the present case, Clark sufficiently "set forth" her complaint about the trial court's custody order, authorizing a review of that ruling for legal error.

For these reasons, the trial court's order modifying the children's custody is properly before us and should be reviewed on appeal. This is particularly true because making a custody decision is a "Solomonic task," *Smith v. Curtis*, 316 Ga. App. 890, 892 (730 SE2d 604) (2012), and we should take care to ensure that trial courts apply the proper legal standard in this context where the stakes are so high. Given that the trial court's order on its face fails to determine whether a change in custody would be in the best interests of the children, the judgment should be vacated and the case remanded to the trial court for application of the proper legal standard. Accordingly, I dissent from the majority's opinion.

I am authorized to state that Presiding Judge Miller, Presiding Judge Ellington, and Judge McFadden join in this dissent.

7