BARNES, Presiding Judge,
dissenting.
Despite the deficiencies in Kathrine Clark’s pro se brief, there is no question that the trial court’s order modifying child custody is properly before us for review and that the order is facially deficient because it fails to reflect a finding that the change in custody is in the best interest of the children. Particularly in matters as sensitive and important as the custody of children, we should ensure that the trial court has applied the proper legal framework. See Troxel v. Granville, 530 U. S. 57, 65 (II) (120 SCt 2054, 147 LE2d 49) (2000) (“The liberty interest at issue in this case — the interest of parents in the care, custody, and control of their children — is perhaps the oldest of the fundamental liberty interests recognized by this Court.”). Because the majority affirms the trial court’s child custody order despite its obvious failure to apply the proper legal framework, I respectfully dissent.
In its order modifying child custody, the trial court found:
[Rau] has shown a material change in circumstances which substantially affected the welfare of the parties’ minor children and that a modification in custody is warranted, therefore it is hereby ORDERED that the Order on Legitimation, Custody, and Child Support entered in this Court on October 16, 2013 is hereby MODIFIED[.]
*256 (Emphasis in original.)
The trial court’s order is deficient on its face. It is well established that in modifying a previous custody arrangement, a trial court must find a material change in conditions or circumstances and that the change in custody is in the best interest of the children. New v. Goss, 327 Ga. App. 413, 414 (2) (759 SE2d 266) (2014). But the trial court failed to include in its order any determination regarding the children’s best interest. Therefore,
[although the evidence presented in the trial court may have been sufficient to support a change of custody (of which we cannot make a determination in the absence of a transcript), it appears that the trial court failed to apply the complete correct legal standard in this case.
Johnson v. Hubert, 175 Ga. App. 169, 170 (1) (333 SE2d 21) (1985). Under these circumstances, we should vacate the judgment and remand to the trial court for application of the proper legal standard. See id.[3]
In affirming the trial court’s order despite its facial omission of any reference to or application of the best interest standard, the majority focuses on the inadequacies of Clark’s pro se appellate brief. But despite those inadequacies, the trial court’s custody order is properly before us for review when Clark’s notice of appeal and brief are viewed under the appropriate statutory standard and the directives of our Supreme Court. OCGA § 5-6-48 (f) directs that
[wjhere it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely *257 the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.
Moreover, our Supreme Court has emphasized that
[i]n addition to the statutory mandate that the [Appellate Practice Act] be “liberally construed so as to bring about a decision on the merits of every case appealed and to avoid... refusal to consider any points raised therein” (OCGA § 5-6-30), the legislature, in enacting OCGA § 5-6-48 (f), has imposed on the appellate courts a statutory duty to discern what errors an appellant is attempting to articulate.
(Emphasis supplied.) Felix v. State, 271 Ga. 534, 538 (523 SE2d 1) (1999). According to our Supreme Court, “[a] principal objective of the Act was to get away from the harsh practice of treating every minor departure from prescribed procedures as a jurisdictional defect on the same level as a violation of the Bill of Rights.” (Citation and punctuation omitted.) Id. at 535.
Here, Clark’s notice of appeal identified the order being appealed as the “Final Order on Rau’s Petition for Modification of Custody and Child Support.” Moreover, although she did not specifically cite to OCGA § 19-9-3 in her appellate brief, Clark repeatedly complained that the trial court did not properly consider the relevant statutory provisions before making the custody change. Among other things, she argued that the trial court did not follow the “[Georgia Code] points that are the criteria in determining what is in the children’s best interest.” Clark then named each of the factors in OCGA § 19-9-3 (a) (3) that the trial court may consider in determining the best interest of the child, including the nurturance and safety of the child in the home environment, the recommendation of a court appointed custody evaluator or guardian ad litem, history of family violence, parents’ criminal history, and the well being of the child. See OCGA § 19-9-3 (a) (3) (A)-(Q). She asserted that the trial court’s decision to change custody was not supported by any of these factors. The brief of appellant therefore repeatedly and quite clearly makes the argument that the trial court “never considered” the statutory provisions that are to guide a trial court’s consideration of the best interest of the child. Thus, Clark’s notice of appeal and appellate brief reflect what judgment is being appealed from and what errors Clark is attempting to articulate, thereby authorizing our review of the trial court’s custody order for application of the proper legal standard.
*258 Contrary to the majority’s contention that we are taking on the role of advocate, our failure to review the trial court’s custody order in this case is an abdication of this Court’s statutory duty “to bring about a decision on the merits of every case appealed[.]” OCGA § 5-6-30. As noted above, it is perfectly clear from Clark’s brief, the notice of appeal, and the record that she is appealing the custody order of the trial court. See OCGA § 5-6-48 (f). And “where the enumeration of errors filed in the appellate court identifies the trial court ruling asserted to be error, the error relied upon is sufficiently ‘set out separately’ to require the appellate court to shoulder its constitutional responsibility to be a court of review.” (Citation omitted; emphasis supplied.) Felix, 271 Ga. at 539. Moreover, although the majority complains about the potential dangers of creating enumerations of error on behalf of a litigant where none exist, it is important to keep in mind that
[t]he individual facets of [Clark’s] attack on the legal ruling with which [she] took issue are arguments in support of a legal position and are not, in and of themselves, errors of law. Because the arguments supporting a position concerning a legal ruling are not themselves legal rulings, they do not have to be enunciated in the enumeration of errors in order to merit appellate consideration . Such arguments, however, must be addressed by the appellate court if necessary to its decision on the issue of the propriety of the trial court’s ruling.
(Emphasis supplied.) Id. at 539-540.
Furthermore, the majority’s contention that, even in circumstances of a facially erroneous order, there is a “presumption of the regularity of court proceedings” is not in keeping with our duty as “courts for the correction of errors of law committed in the trial court.” Alston & Bird, LLP v. Mellon Ventures II, LP, 307 Ga. App. 640, 648 (6) (b) (706 SE2d 652) (2010).
In appellate practice, an error of law is a false or mistaken conception or application of the law. Such a mistaken or false conception or application of the law to the facts of a cause as will furnish ground for a review of the proceedings. An error of law has as its basis a specific ruling made by the trial court. In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling.
*259 Decided July 15, 2016.
Kathrine Clark, pro se.
Duffy & Feemster, John R. Strother III, for appellee.
(Citation and punctuation omitted; emphasis supplied.) Felix, 271 Ga. at 539. In the present case, Clark sufficiently “set forth” her complaint about the trial court’s custody order, authorizing a review of that ruling for legal error.
For these reasons, the trial court’s order modifying the children’s custody is properly before us and should be reviewed on appeal. This is particularly true because making a custody decision is a “Solomonic task,” Smith v. Curtis, 316 Ga. App. 890, 892 (730 SE2d 604) (2012), and we should take care to ensure that trial courts apply the proper legal standard in this context where the stakes are so high. Given that the trial court’s order on its face fails to determine whether a change in custody would be in the best interest of the children, the judgment should be vacated and the case remanded to the trial court for application of the proper legal standard. Accordingly, I dissent from the majority’s opinion.
I am authorized to state that Presiding Judge Miller, Presiding Judge Ellington, and Judge McFadden join in this dissent.

 In asserting that the trial court’s order was not facially defective, the majority relies upon Weickert v. Weickert, 268 Ga. App. 624, 628-629 (2) (602 SE2d 337) (2004), but that case is clearly distinguishable. In Weickert, the trial court entered a “thoughtful and detailed, 15-page order” in which the court included an express finding that modification of child custody “would have the effect of promoting [the children’s] welfare.” (Emphasis supplied.) Id. at 627 (1), 628 (2). The trial court’s order in the present case contains no similar language about the “promotion” of the children’s welfare. Furthermore, the trial court entered its order in Weickert without the benefit of Bodne v. Bodne, 277 Ga. 445, 446 (588 SE2d 728) (2003), where our Supreme Court overruled prior precedent and held that “[w]hen exercising its discretion in relocation cases, as in all child custody cases, the trial court must consider the best interests of the child and cannot apply a bright-line test. This means that an initial custodial award will not always control after any ‘new and material change in circumstances that affects the child’ is considered.”